Kathleen **COOK**, Appellant,

v.

**Volney & Barbara D. SMITH, Appellees.**

No. 05–82–01410–CV.

Court of Appeals of Texas, Dallas.

April 10, 1984.

Rehearing Denied May 14, 1984.

Edwin V. King, Dallas, for appellant.

Gerald R. Powell, Byron L. Falk, Dallas, for appellees.

Before AKIN, VANCE and ROWE, JJ.

AKIN, Justice.

Kathleen Cook sued Volney and Barbara Smith (a husband and wife) alleging that she had been injured as a result of the negligent operation of a motor vehicle owned by Volney and driven by Barbara Smith. The trial court rendered summary judgment in favor of the Smiths. Cook prosecutes this appeal contending that the summary judgment was improper as to Barbara Smith because a fact issue was presented concerning whether Barbara Smith was estopped to plead limitations. We agree that Cook presented summary judgment evidence which raised a fact issue as to estoppel. Thus, we reverse and remand.

The traffic accident out of which this suit arose occurred on March 7, 1980. Cook filed suit against Volney Smith on March 5, 1982. In answering Cook's petition, Volney Smith filed a motion for summary judgment. The motion and supporting affidavit concede that Volney Smith was the owner of the vehicle which struck Cook but deny that he was the operator of the vehicle at the time of the accident. Apparently, in response to this motion for summary judgment, on May 20, 1982, Cook filed her First Amended Original Petition, which named Barbara Smith as a defendant to the suit, alleging that she was the operator of the vehicle which struck Cook and also alleging that Volney Smith had negligently entrusted the vehicle to Barbara Smith. Barbara Smith responded that any claim against her was barred by limitations and filed a motion for summary judgment based on limitations. Her motion was heard with Volney Smith's second motion for summary judgment. These motions and supporting affidavits asserted that Volney Smith could not, as a matter of law, negligently entrust the vehicle in question

to Barbara Smith. Barbara Smith asserted that the cause of action against her was barred by limitations and that she had been out of the state only two months during the two-year statute of limitations period after the accident. Cook responded with summary judgment evidence which established that Barbara Smith was estopped from pleading the statute of limitations due to the actions of John Harris who was the adjuster handling Cook's claim for the Smiths' insurance company. Cook's response also alleged that the actions of Harris constituted fraudulent concealment of the name of the driver which was not discovered until March 8, 1982, when Volney Smith filed his motion for summary judgment.

After a hearing on the motion for summary judgment and a subsequent letter brief filed by the Smiths, the trial court concluded that no issue of material fact existed and granted summary judgment to the Smiths. On appeal, Cook does not attack the validity of the summary judgment granted Volney Smith. Thus, we limit our discussion solely to the propriety of the judgment granted Barbara Smith.

Cook contends that Smith is estopped from pleading limitations because she delayed filing suit based on repeated representations that her claim would be paid made by the adjuster for Smith's insurance company. The estoppel, in Cook's view, arises from the following actions of the adjuster: (1) he paid Cook's property damage claim;[1] (2) he sent correspondence to her indicating quickly as possible; (3) he requested certain documents from her, representing that the documents were needed prior to negotiating a settlement; and (4) he requested documents from her doctor about her medical condition. Cook's affidavit stated that representations were made to her over the telephone by the Smiths' insurance company "that I [Cook] would receive compensation for the injury sustained by myself just as soon as I had

---

1. We note that the receipt accompanying this payment stated that the payment did not toll the statute of limitations.

completed doctor's care for said injury." No summary judgment proof was adduced by Smith to contradict the summary-judgment evidence that these representations occurred. Cook's affidavit asserts that she relied on these representations, ignored the advice of family and friends to seek legal counsel, and did not learn until three days before the second anniversary of the accident that she had but two years to bring suit. Upon discovering the applicable limitation period, she contacted an attorney. However, she told the attorney that Volney Smith was the party with whom she had had the accident because that was the name which had been listed as the "insured" on all of the correspondence which she had received from the insurance company.

 A plaintiff may invoke equitable estoppel to prevent an opponent from pleading limitations, if the opponent, his agent, or representatives make representations which induce the plaintiff to delay filing suit within the applicable limitations period. *Jim Walter Homes, Inc. v. Mora*, 622 S.W.2d 878, 880 (Tex.App.—Corpus Christi 1981, no writ). Further, "an adjuster acting for an insurance company may be considered to be the agent of the insured so as to estop the insured from setting up a statute of limitations." *Mandola v. Mariotti*, 557 S.W.2d 350 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). To invoke estoppel, proof must be made of the following elements: (1) a false representation or concealment of a material fact; (2) made with knowledge, actual or constructive, of the facts; (3) to a party without knowledge or the means of knowledge of the real facts; (4) with the intention that it should have been acted upon; and (5) the party to whom it was made must have relied upon or acted upon it to his prejudice. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (Tex.1952). In the context of this suit, since it appeared on the face of Cook's petition that her suit was barred by the limitations period set forth in TEX. REV.CIV.STAT.ANN. art. 5526 (Vernon Supp.1984), the burden was on Cook, the non-movant, to produce summary-judgment evidence sufficient to raise a fact issue on estoppel in avoidance of the affirmative defense of limitations. *Whatley v. National Bank of Commerce*, 555 S.W.2d 500, 503 (Tex.Civ.App.—Dallas 1977, no writ).

 The summary-judgment evidence adduced by Cook raised a fact issue as to whether the adjuster falsely made representations to Cook that her medical bills would be paid when the adjuster did not intend to pay the bills and sought to delay filing of the suit until after limitations had run. Furthermore, the summary-judgment evidence raises a fact issue with respect to whether Cook relied on these representations to her detriment. *Mandola*, 557 S.W.2d at 352, held that an issue of estoppel was raised because the adjuster advised the claimant that she did not need an attorney because the insurance company would take care of her damages and assured her periodically that the company would take care of her damages. The insurance company also paid certain medical bills. The misrepresentations in this case were at least as misleading to Cook as were the misrepresentations made to the claimant in *Mandola*. Our conclusion that a fact issue as to an estoppel arose from the adjuster's representations that Cook's medical claim would be paid is also supported by *Gibson v. John D. Campbell and Co.*, 624 S.W.2d 728 (Tex.App.—Fort Worth 1981, no writ). In *Gibson*, a building contractor made repeated representations that he would repair damage, created by a cracked foundation in a home he had built. The contractor had paid for a small portion of the damages created by the cracked foundation. After the limitations period had expired, the homeowner sued and the contractor pleaded limitations. *Gibson* held that this evidence raised a fact issue as to estoppel because the jury could infer that the contractor deceived the homeowner by making promises which he did not intend to fulfill. We conclude, therefore, that a jury could likewise draw such an inference from the evidence contained in the record before us.

Smith contends, however, that estoppel cannot exist, as a matter of law, because the facts negate a showing of detrimental reliance by Cook on the representations of the adjuster. In this respect, Smith argues that Cook did in fact file suit against Volney Smith for her automobile accident within the two-year limitation period. Thus, Barbara Smith concludes that Cook's failure to sue her within the limitation period was not a result of adjuster's representation but rather Cook's negligence in failing to sue the correct party.

■ We cannot agree that the doctrine of estoppel may be invoked only when the misrepresentations delay the filing of suit until *after* limitations had run. Estoppel is a concept based in equity. Obviously, the main principle of equity is to do justice when the application of routine legal principles reaches an unjust result. Certainly, estoppel should be flexible enough to embrace a situation in which a party relies on a misrepresentation to the point where he cannot *effectively* exercise their rights, such as here. It would be manifestly unjust in this case if we were to hold that estoppel cannot apply because Cook made a frenzied effort to file suit two days before she thought the statute of limitations would run. A jury could believe that the misrepresentations of the insurance adjuster lulled Cook into delaying her suit to a time when she believed that, if her suit were not filed, the very next day her claim would be lost.

■ Neither can we hold that under these circumstances that Cook should be barred from her suit because she was negligent in suing the wrong party or lacked diligence in suing Barbara Smith when she discovered the mistake. She delivered to her attorney the name of the person, whom she thought had struck her and which had been listed as the "insured" on all of the correspondence received from the insurance company. In her haste to file suit, it is understandable that such a mistake was made.

Nevertheless, Smith asserts that Cook should have placed no reliance on the fact that Volney Smith was listed as the insured since she knew that she had been struck by a female driver. We are unpersuaded by this argument. "Volney" is not a name which indicates the gender of the person. Smith further contends that, if Cook had examined the accident report, she would have discovered the name of the driver who had struck her. There is, however, no summary-judgment evidence as to whether this accident report was available to Cook. In this respect, we doubt that Cook was under any duty to make inquiry under the undisputed facts here. Consequently, we cannot say, under these circumstances, that Cook was negligent, as a matter of law, because the name of the driver may have been on the accident report. Moreover, when the correct name of the driver of the Smith vehicle was brought to Cook's attention by Volney Smith's motion for summary judgment, she filed suit within one month against the correct party. Thus, we cannot say that when Cook discovered her mistake she lacked diligence in prosecuting her suit.

Reversed and remanded.