TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00355-CV






Patricia Hamilton, Leonard Smith, and Latisha Hamilton, Appellants



v.



Texas Property and Casualty Insurance Guaranty Association; George Piccoli as Receiver
for International Underwriters Insurance Company; White's Wrecker Service; and
Lawrence Newhouse, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 94-12823, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 Appellants Patricia Hamilton, Leonard Smith, and Latisha Hamilton, (1) appeal from
a summary judgment in favor of appellees, Texas Property and Casualty Insurance Guaranty
Association ("Guaranty Association"), White's Wrecker Service (the "insured") and Lawrence
Newhouse. (2) The Hamiltons sued appellees for personal injuries they suffered in an automobile
accident. Appellees filed a motion for partial summary judgment which was granted by the trial
court and became a final judgment. (3) The Hamiltons now appeal the granting of the motion. 

 This appeal involves interpretation of the Texas Property and Casualty Insurance
Guaranty Act (the "Guaranty Act"). (4) The Guaranty Act provides for the payment by the Guaranty
Association of "covered claims" up to a statutorily mandated maximum cap in the event a member
insurance company becomes insolvent. The question raised is whether an injured third party may
seek recovery when the insurance company is in receivership in Delaware, has been declared an
impaired insurer in Texas, and the statute of limitations has expired as to the insured party. We
hold that, under the circumstances of this case, the Hamiltons may not recover. We will affirm
the trial court's summary judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 The facts of the case are uncontested. On February 19, 1992, a White's Wrecker
Service truck driven by Lawrence Newhouse collided with the Hamiltons' vehicle. White's
Wrecker was insured by International Underwriters Insurance Company ("IUIC"), a Delaware
insurance company. On March 11, 1993, IUIC was placed in receivership in Delaware and was
designated an impaired insurer by the Texas Commissioner of Insurance on March 22, 1993. The
impairment of IUIC authorized the Guaranty Association to pay "covered claims" (5) against IUIC
insureds.

 The Hamiltons' attorney received a letter dated July 6, 1993, from an adjuster,
apparently on behalf of the Guaranty Association, acknowledging the Association's involvement
in the claim. The letter described the procedure for filing claims with the Guaranty Association
and further stated: "The Association is considered the insurer to the extent of its obligation on
covered claims and to that extent has all the rights, duties, and obligations of the impaired insurer
as if the insurer had not become impaired." The Hamiltons filed proofs of claim with the
Delaware receiver in November and December, 1993. On June 20, 1994, they sued White's
Wrecker Service and Lawrence Newhouse for personal injuries sustained as a result of the
collision. They also named the Guaranty Association and the Delaware receiver in the lawsuit.

 Appellees moved for summary judgment on the grounds that, under Texas law, the
Hamiltons could not maintain a direct cause of action against the Guaranty Association, and that
the claims against White's and Newhouse were barred by the two-year statute of limitations. The
trial court granted the motion, holding that the Hamiltons could not maintain a direct cause of
action against the Association and that all claims of plaintiffs (except the minor's) were barred by
the applicable two-year statute of limitations. (6) 

THE GUARANTY ACT

 The Guaranty Act establishes an association of all property and casualty insurers
licensed to transact business in Texas. See Guaranty Act § 6. (7) By assessing contributions from
solvent member insurers, the Guaranty Association maintains a guaranty fund which assumes
insolvent insurers' obligations with respect to statutorily defined "covered claims." Id. § 5(8). 
The fund is held by the Guaranty Association to pay insureds' claims up to a statutorily mandated
maximum cap in the event the insurance company becomes insolvent. The stated purposes of the
Act are: (1) to protect policyholders and claimants from financial loss because of the impairment
of an insurer, and (2) to provide a mechanism for the payment of "covered claims" under certain
insurance policies. Id. § 2.

 The receiver and the Guaranty Association are creatures of statute. (8) Prior to 1992,
the Texas receiver had dual responsibilities: liquidation of the company and the administration,
evaluation, and payment of claims with funds advanced by the various guaranty funds. The
Guaranty Association, under the old statute, played no claims-processing role but merely provided
an extra purse for the payment of claims the receiver determined were "covered claims." See
Chandler v. Gutierrez, 906 S.W.2d 195, 198 (Tex. App.--Austin 1995, writ denied). 

 In 1991, the Texas Legislature made substantial changes to the insurance liquidation
statute. (9) The changes included the transfer of the receiver's duty to administer, evaluate, and pay
claims to the Guaranty Association for all companies placed in receivership on or after January
1, 1992. Specifically, the Guaranty Association undertook "to discharge the policy obligations
of the impaired insurer, including the duty to defend insureds under a liability policy, to the extent
that policy obligations are covered claims" under the Act. (10) See Guaranty Act § 8(b). It is this
changed role of the Guaranty Association that is disputed by the parties. Because of the
procedural posture of this case, we do not address the changed role of the Association in the
handling of claims.


DISCUSSION

 In granting the appellees' motion for summary judgment, the trial court specified
two grounds in its order: (1) that appellants did not have a direct cause of action against the
Guaranty Association and (2) that the claims were barred by the two-year statute of limitations. 
On appeal, the Hamiltons challenge the court's granting of summary judgment only on the basis
of the statute of limitations. Since the judgment is final as to the Guaranty Association regarding
its direct action bar, we need only address the remaining defendants, White's Wrecker and
Newhouse. 

 We review the record under the familiar precepts of summary judgment law that
a summary judgment is proper only when a movant establishes that there is no genuine issue of
material fact and that he is therefore entitled to judgment as a matter of law. In deciding whether
there is a disputed issue of material fact, matters in the record that favor the nonmovant will be
taken as true and every reasonable inference from the record must be resolved in favor of the
nonmovant. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
A defendant who conclusively establishes all of the elements of an affirmative defense is entitled
to summary judgment. See Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).

 When a defendant moves for summary judgment on its affirmative defense, it must
prove each element of its defense as a matter of law, leaving no issues of material fact. See
Johnson & Johnson Med., Inc. v. Sanchez, 924 S.W.2d 925, 927 (Tex. 1996). When the
defendant moves for summary judgment on a statute of limitations defense, the defendant must
conclusively (1) prove when the cause of action accrued, and (2) if the plaintiff pleaded a tolling
provision, negate its application as a matter of law. See Jennings v. Burgess, 917 S.W.2d 790,
793 (Tex. 1995). Once the movant has established a right to a summary judgment as a matter of
law, the burden shifts to the non-movant. The non-movant must then respond to the motion for
summary judgment by presenting to the trial court summary judgment proof sufficient to raise a
fact issue. See Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989).

 The uncontroverted summary judgment evidence establishes that the Hamiltons'
claims are barred by the statute of limitations. The automobile accident occurred on February 19,
1992. The lawsuit was filed on June 20, 1994, more than two years following the date their cause
of action accrued. Once appellees demonstrated that the Hamiltons filed their lawsuit more than
two years following the accrual of their cause of action, the burden shifted to the Hamiltons to
produce evidence sufficient to raise a fact issue that would preclude summary judgment. See City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). This they failed to
do. 

 The Hamiltons contend that they relied upon a letter to their lawyer to delay the
filing of their lawsuit and that they were misled by the letter into believing that they should await
denial of their claims before filing suit. Specifically, on July 6, 1993, a claims adjuster, on behalf
of the Guaranty Association, sent a letter to the Hamiltons' attorneys "to notify you of your rights
and obligations." The letter went on to state: 


You must file your third party liability claim against an insured of International
Underwriters, with the Association. In the event the Association denies your
claim, you are entitled to appeal that denial by filing suit against the insured in the
same manner as you would file suit if International Underwriters had not become
impaired.

In November and December 1993, the Hamiltons filed proofs of claim with the Delaware receiver. 
They filed this lawsuit in July 1994. 

 Relying solely upon the July 1993 letter, the Hamiltons contend that they were not
told in the letter that their claims were subject to a statute of limitations and that the letter was
misleading as to the procedure to be followed for third party claims. They assert that these factual
issues regarding the Association's conduct are sufficient to estop appellees from asserting a
limitations defense. Because appellees adduced conclusive evidence that the suit was barred by
the limitations period, the burden was on appellants, as the non-movants, to produce summary
judgment evidence sufficient to raise a fact issue on estoppel in avoidance of the affirmative
defense of limitations. 

 The scope of review in an appeal from a summary judgment is necessarily limited. 
It is well recognized that a summary judgment motion must expressly state the grounds upon
which it is made and will stand or fall on those grounds alone. See McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993). Likewise, the answer or response to the motion
must set forth the grounds upon which the non-movant relies to defeat the motion. Issues not
expressly and timely presented by written answer or response may not be considered on appeal
as grounds for reversal. See Tex. R. Civ. P. 166-a(c); see also Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 625 (Tex. 1996); Abbott Labs., Inc. v. Segura, 907 S.W.2d 503, 507 (Tex.
1995); Clear Creek Basin Auth., 589 S.W.2d at 678.

 Reviewing the record, we find that the issue of estoppel was not timely presented
to the trial court. The Hamiltons failed to address estoppel in either their response to the motion
for summary judgment or in their supplemental response. They raised for the first time the issue
of estoppel in their Motion for New Trial. This, alone, does not put the issue before this court. 
See Hruska v. First State Bank of Deanville, 747 S.W.2d 783, 785 (Tex. 1988); Keightley v.
Republic Ins. Co., 946 S.W.2d 124, 126 (Tex. App.--Austin 1997, no writ). 

 When a motion for new trial is filed after a summary judgment has been granted,
as here, the district court is entitled to consider only the record as it existed prior to granting the
summary judgment. See Parchman v. United Liberty Life Ins. Co., 640 S.W.2d 694, 696 (Tex.
App.--Houston [14th Dist.] 1982, writ ref'd n.r.e.). Having raised no issue of estoppel in
response to the motion for summary judgment, as it was their burden to do, appellants are not
entitled to raise the issue on appeal. 

 Even if the issue of estoppel could now be raised by the Hamiltons, it is without
merit. First, it is moot as to the Guaranty Association. Appellants' estoppel argument does not
apply to the Association because the summary judgment is final on other grounds. Moreover, a
plaintiff may invoke equitable estoppel to prevent an opponent from pleading limitations if the
opponent, his agent, or representatives made representations that induced the plaintiff to delay
filing suit within the applicable statute of limitations. See Cook v. Smith, 673 S.W.2d 232, 235
(Tex. App.--Dallas 1984, writ ref'd n.r.e.). To invoke equitable estoppel, proof must be made
of the following elements: (1) a false representation or concealment of a material fact; (2) made
with actual or constructive knowledge of the facts; (3) to a party without knowledge or the means
of knowledge of the real facts; (4) with the intention that it should have been acted upon; and (5)
the party to whom it was made must have relied upon or acted upon it to his prejudice. See id.;
Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952). 

 As evidence in support of their response to appellees' motion, the Hamiltons
attached the following five documents: a copy of the appellees' motion for summary judgment;
a copy of a partial summary judgment order rendered in another district court case, which was
never appealed and has no precedential value in this case; a copy of a letter from an adjusting firm
to the Hamiltons' counsel dated July 28, 1992 seeking additional information about their injuries;
the notification letter of July 1993 from a second adjusting firm, presumably on behalf of the
Guaranty Association to the Hamiltons' counsel; and a Plan of Operation of the Guaranty
Association, which was not in effect at the time of the Hamiltons' claims, containing claims-handling information for the Association. 

 There is no summary judgment evidence on any element of estoppel sufficient to
raise a fact question that would defeat summary judgment. At most, there is argument of counsel
that the July 1993 letter, standing alone, is misleading. No affidavits or testimony were submitted
to show, for example, that the Hamiltons' attorneys, who received the letter, were without
knowledge of the real facts, that the Guaranty Association intended for the Hamiltons or their
attorney to rely on the letter, that the Hamiltons or their counsel relied upon the letter, or even that
the letter was wrong or misleading. In addition, the record is devoid of any showing that White's
Wrecker or Newhouse engaged in any conduct that would warrant the invocation of equitable
estoppel. The Hamiltons have failed to carry their burden of adducing evidence to defeat the
affirmative defense and the evidence is, in any event, insufficient to constitute estoppel. 
Accordingly, we overrule appellants' first issue.

 As their second issue on appeal, the Hamiltons contend that the trial court erred in
failing to grant a new trial because of unresolved issues of disputed fact. They also argue that
newly acquired evidence is relevant to their claim that the Guaranty Association should be
equitably estopped from asserting a limitations defense. Appellants attached to the motion the
Association's Plan of Operation which sets forth the Association's claims-handling procedures. 
They argue that, under the plan, the Association was required to deny appellants' claims in writing
and that the document constitutes new evidence supporting their estoppel argument. The record
reflects that the document attached to the motion was the Association's Plan of Operation which
was approved in June 1996 and was not in effect during the period of the lawsuit.

 To be entitled to a new trial on the basis of newly discovered evidence, the party
seeking the new trial must satisfy the court that: (1) the evidence has come to the knowledge of
the party since the trial; (2) it could not have been discovered earlier by the exercise of reasonable
diligence; (3) it is not cumulative; and (4) it is so material that it would probably produce a
different result if a new trial was granted. See Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex.
1983). Except for the first prong, the Hamiltons wholly fail to make the requisite showing. 

 A trial court has broad discretion in deciding whether to grant a new trial based
upon new evidence, and the trial court's discretion will not be disturbed on appeal absent a
showing of a manifest abuse of discretion. See Champion Int'l Corp. v. Twelfth Court of Appeals, 
762 S.W.2d 898, 899 (Tex. 1988). Finding no abuse of discretion in the ruling of the trial court,
we overrule appellants' second issue on appeal. 

 As a final issue on appeal, appellants argue that because the Guaranty Association
is a quasi-governmental entity, its use of the limitations defense violates the "open courts"
provision of the Texas Constitution. Appellants did not raise this constitutional argument in the
trial court, and therefore, we may not consider it on appeal. See Boyd v. Fuel Distribs., Inc., 795
S.W.2d 266, 271 (Tex. App.--Austin 1990, writ denied). We overrule the third issue. 


CONCLUSION

 We conclude that the trial court did not err in granting partial summary judgment
to appellees, and we affirm the judgment of the trial court.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: April 29, 1999

Do Not Publish
1. For convenience and clarity, we will refer to the appellants as the "Hamiltons." Patricia
Hamilton was the driver of the appellants' automobile, and the remaining appellants were her
passengers. Latisha Hamilton also sued as next friend for Senquinsha Howard, a minor. 
2. For convenience, we will refer collectively to the Guaranty Association, White's Wrecker,
and Newhouse as appellees except where necessary to name them individually. George Piccoli,
the Delaware receiver for International Underwriters Insurance Company ("the receiver") was
served but did not answer. 
3. The claim of Senquinsha Howard was settled and approved by the court. The partial
summary judgment granted to appellees became a final judgment on March 31, 1997, by
combining the partial summary judgment with the court's approval of the minor's settlement. The
Hamiltons appeal only the summary judgment ruling that does not affect the claim of the minor.
4. See Tex. Ins. Code Ann. art. 21.28-C (West Supp. 1999).
5. A "covered claim" is defined as "an unpaid claim of an insured or third-party liability
claimant that arises out of and is within the coverage and not in excess of the applicable limits of
an insurance policy to which this Act applies, issued or assumed . . . by an insurer licensed to do
business in this state. . . ." Tex. Ins. Code Ann. art. 21.28-C, § 5(8) (West Supp. 1999).
6. Actions for personal injury must be brought within two years of the injury. See Tex. Civ.
Prac. & Rem. Code Ann. § 16.003 (West 1986).
7. The Texas Insurance Code creates three separate guaranty funds: the Texas Title Insurance
Guaranty Association to administer "covered claims" of an "impaired" title insurance company
authorized to do business in the state, Tex. Ins. Code Ann. art. 9.48, § 14; the Texas Property and
Casualty Insurance Guaranty Association to provide funds to the receiver for the payment of
"covered claims" of an "impaired" member of the association, Tex. Ins. Code Ann. art. 21.28-C,
§ 14; and the Life, Accident, Health, and Hospital Service Insurance Guaranty Association to
provide funds to the receiver for payment of the "contractual obligations" of an "impaired"
member company, Tex. Ins. Code Ann. art. 21.28-D, § 6. The procedures as well as the
definitions of "covered claim" are defined by the applicable statutory provision.
8. See Couch on Insurance, Guarantee Associations § 6:27 (3d ed. 1997).
9. The Guaranty Act was amended in 1991 and became effective on January 1, 1992. The
amended Act applies to any company designated an impaired insurer on or after January 1, 1992. 
The Act has been amended since 1992, but those amendments are not relevant to this appeal. 
10. Article 21.28-C section 8(d) authorizes the Association to:


investigate and adjust, compromise, settle, and pay covered claims to the extent of
the association's obligation and deny all other claims. The association may review
settlements, releases, and judgments to which the impaired insurer or its insureds
were parties to determine the extent to which those settlements, releases, and
judgments may be properly contested. Any judgment taken by default or consent
against an insured or the impaired insurer, and any settlement, release, or judgment
entered into by the insured or the impaired insurer, is not binding on the
association, and may not be considered as evidence of liability or of damages in
connection with any claim brought against the association or any other party under
this Act.


Guaranty Act § 8(d).



se the Guaranty Association
is a quasi-governmental entity, its use of the limitations defense violates the "open courts"
provision of the Texas Constitution. Appellants did not raise this constitutional argument in the
trial court, and therefore, we may not consider it on appeal. See Boyd v. Fuel Distribs., Inc., 795
S.W.2d 266, 271 (Tex. App.--Austin 1990, writ denied). We overrule the third issue.