Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

PATRICIA ORDORICA,
)
 No. 08-02-00340-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 5

)


ANTHONY JUARBE,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 2000-3228)


O P I N I O N



 Patricia Ordorica appeals from a summary judgment granted in favor of Anthony Juarbe. We
affirm.

UNDERLYING FACTS


 On October 2, 2000, Ordorica filed suit against Anthony Juarbe (1) alleging that she had
suffered personal injuries in an automobile accident caused by Juarbe's negligent operation of a
motor vehicle. The petition alleged that the accident occurred on April 18, 1998, more than two
years before suit was filed. Juarbe filed his answer raising the affirmative defense of limitations, and
then filed a motion for summary judgment. Ordorica filed a response raising equitable estoppel. The
trial court denied Juarbe's motion for summary judgment.

 Juarbe later filed a supplemental motion for summary judgment re-urging his statute of
limitations defense and further alleging that Ordorica's delay in filing suit constituted a lack of
diligence since she knew on May 31, 2000 that the defendants intended to raise the statute of
limitations as an affirmative defense. The trial court granted Juarbe's motion for summary judgment
without specifying the precise ground for the ruling and entered a take-nothing judgment in his favor. 
STANDARD OF REVIEW


 The same standard of review applies to all three of Ordorica's issues for review. In a
traditional summary judgment proceeding, the standard of review on appeal is whether the successful
movant at the trial level carried the burden of showing that there is no genuine issue of material fact
and that judgment should be granted as a matter of law. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991); Duran v. Furr's Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex.App.--El Paso
1996, writ denied). In resolving these issues, all evidence favorable to the non-movant must be taken
as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's
favor. Nixon v. Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); Duran, 921
S.W.2d at 784. It is well established that where the trial court's judgment does not specify the
ground or grounds relied upon for its ruling, the summary judgment must be affirmed if any of the
theories advanced is meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). When
challenging such a judgment on appeal, an appellant must show that each of the independent grounds
alleged in the motion is insufficient to support the summary judgment or suffer waiver of the
unchallenged grounds. State Farm Fire & Casualty Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). 

EQUITABLE ESTOPPEL


 In Issue One, Ordorica argues that the trial court erred in granting summary judgment because
the evidence established that Jaime Herrera, the insurance adjuster for Juarbe's liability insurance
carrier, made false representations to Ordorica that he would settle her claim after her medical
treatment had concluded. She further asserts that she relied on the misrepresentation in not filing
suit until after the statute of limitations had expired, and that her reliance was justified.

 Equitable estoppel may bar a limitations defense when a party, or his agent or representative,
makes false representations or concealment of a material fact that induce a plaintiff not to file suit
within the limitations period. Leonard v. Eskew, 731 S.W.2d 124, 129 (Tex.App.--Austin 1987, writ
ref'd n.r.e.); Cook v. Smith, 673 S.W.2d 232, 235 (Tex.App.--Dallas 1984, writ ref'd n.r.e.). The
effect of equitable estoppel is not to toll or suspend the running of the limitations period prescribed
in a particular statute of limitations; rather, the effect is simply to preclude the defendant from
interposing the limitations bar when he has induced the plaintiff not to file suit on a cause of action
the plaintiff knows he has. Leonard, 731 S.W.2d at 129 (contrasting equitable estoppel with
fraudulent concealment). An adjuster acting for an insurance company may be considered to be the
agent of the insured so as to estop the insured setting up a statute of limitations defense. Cook, 673
S.W.2d at 235. To invoke the doctrine of equitable estoppel, a party must prove the following
elements: (1) a false representation or concealment of a material fact; (2) made with knowledge or
the means of knowledge of the real facts; (3) to a party without knowledge or the means of
knowledge of the real facts; (4) with the intention that it should have been acted upon; and (5) the
party to whom it was made must have relied upon or acted upon it to his prejudice. Johnson &
Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 515-16 (Tex. 1998); Cook, 673
S.W.2d at 235. Additionally, equitable estoppel applies only where the plaintiff is reasonable in
relying upon the defendant's inducement not to sue. Leonard, 731 S.W.2d at 129.

 A defendant moving for summary judgment on the affirmative defense of limitations has the
burden to conclusively establish that defense by proving when the cause of action accrued and
negating the discovery rule if it applies. KPMG Peat Marwick v. Harrison County Housing
Finance Corp., 988 S.W.2d 746, 748 (Tex. 1999); Moreno v. City of El Paso, 71 S.W.3d 898, 900
(Tex.App.--El Paso 2002, pet. denied). A defendant can meet its burden where the plaintiff's
petition shows on its face that the cause of action is barred by limitations. Cook, 673 S.W.2d at 235. 
If the movant establishes that the statute of limitations bars the action, the non-movant must then
adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. 
KPMG Peat Marwick, 988 S.W.2d at 748; Moreno, 71 S.W.3d at 900.

 Ordorica's personal injury suit is subject to a two-year statute of limitations. See
Tex.Civ.Prac.&Rem.Code Ann. § 16.003(a)(Vernon 2002). Ordinarily, the statute begins to run
when a particular cause of action accrues. S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996); Mitchell
Energy Corp. v. Bartlett, 958 S.W.2d 430, 436 (Tex.App.--Fort Worth 1997, pet. denied). There is
no dispute that Juarbe conclusively established that the cause of action accrued on April 18, 1998
and that Ordorica did not file suit until well after expiration of the statute of limitations. Thus,
Ordorica had the burden to raise a fact issue on each element of estoppel to avoid the affirmative
defense of limitations. See Villages of Greenbriar v. Torres, 874 S.W.2d 259, 263 (Tex.App.--
Houston [1st Dist.] 1994, writ denied).

 Juarbe contends that the trial court properly granted summary judgment because Ordorica
failed to present any evidence that her reliance on Herrera's statements was reasonable or justified. 
Ordorica counters that the trial court could not have granted summary judgment on this ground
because the court had already overruled Juarbe's original motion for summary judgment. According
to Ordorica, the court's prior ruling on the reasonable reliance issue is res judicata and the only issue
before the trial court was whether Ordorica had exercise due diligence. Additionally, Ordorica
asserts that Juarbe did not raise the reasonable reliance issue in his supplemental motion for
summary judgment, and therefore, cannot raise this issue on appeal. We agree with Juarbe. First, Juarbe raised the affirmative defense of limitations in both his original and
supplemental motions for summary judgment. It then became Ordorica's burden to raise the defense
of equitable estoppel and establish the existence of a fact issue as to each element of that defense,
including reasonable reliance. Juarbe did not have the burden of proof with regard to the elements
of equitable estoppel. Second, Juarbe moved for summary judgment on the basis of limitations in
his supplemental motion, stating: "Defendant would move for summary judgment based on
Plaintiff's failure to file suit within the statute of limitations and for failure to exercise diligence
thereafter." Thus, Juarbe re-urged his statute of limitations defense. Third, res judicata does not
operate to bar Juarbe from re-urging his limitations defense nor is the trial court precluded from
reconsidering its prior ruling. Res judicata is the generic term for a group of related concepts
concerning the conclusive effects given final judgments. Barr v. Resolution Trust Corp., 837
S.W.2d 627, 628 (Tex. 1992). Within the general doctrine, there are two principal categories: (1)
claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral
estoppel). Barr, 837 S.W.2d at 628. Res judicata, or claim preclusion, prevents the relitigation of
a claim or cause of action that has been finally adjudicated, as well as related matters that, with the
use of diligence, should have been litigated in the prior suit. Id. Issue preclusion, or collateral
estoppel, prevents relitigation of particular issues already resolved in a prior suit. Id. These
doctrines apply to adjudication of claims and issues in a prior suit, not the same suit. Therefore, we
will consider the argument raised by Juarbe in response to Ordorica's first issue.

 Ordorica's counsel stated in his summary judgment affidavit that he "relied upon the
misrepresentation by Mr. Herrera that Nationwide intended to settle plaintiff's claims as soon as she
finished her medical treatment." According to counsel's affidavit, Herrera's promise to settle the
case at some time in the future after Ordorica had concluded her medical treatment was made two
days before the statute of limitations expired. Clearly, at the time limitations expired the parties had
not reached any kind of settlement agreement. Because Herrera's statements were made to
Ordorica's attorney, the cases she cites involving false statements made by an adjuster to an
unrepresented insured are distinguishable. See Cook, 673 S.W.2d at 234-35; Mandola v. Mariotti,
557 S.W.2d 350, 351 (Tex.Civ.App.--Houston [1st Dist.] 1977, writ ref'd n.r.e.). Here, counsel
knew that his client's claims were subject to the statute of limitations and that the defendant could
assert a limitations defense if he filed suit after the expiration of limitations regardless of whether
a settlement was being negotiated. Under these circumstances, there is no evidence that counsel's
reliance on Herrera's statement was reasonable. See Kuntsman v. Mirizzi, 234 Cal.App.2d 753, 757-58, 44 Cal.Rptr. 707, 710 (Cal.Dist.Ct.App. 1965)(where plaintiff claimed that she did not file suit
because adjuster represented to her attorney that case would be settled when the medical information
became available, defendant was not estopped from asserting limitations as a defense; plaintiff was
protected by attorney who is charged with knowledge of statute of limitations and adjuster did not
make any promises regarding tolling of the statute of limitations or how much would be paid to
plaintiff). Because Ordorica failed to raise a fact issue on this element of estoppel, the trial court did
not err in granting summary judgment on the basis of limitations. Issue One is overruled. Given our
determination with respect to Issue One, it is unnecessary to address Ordorica's remaining issues on
due diligence. However, we will address the subject as it is an alternative ground for affirming the
trial court's judgment.

APPLICABILITY OF DUE DILIGENCE


 In Issue Two, Ordorica contends that the trial court should not have granted summary
judgment because the requirement of due diligence does not apply under the circumstances of this
case. In his supplemental summary judgment motion, Juarbe argued that Ordorica cannot rely on
estoppel because she failed to exercise due diligence in filing suit. The affidavit filed by Ordorica's
counsel showed that he knew as of May 31, 2000 that Juarbe intended to assert the statute of
limitations defense. Even so, Ordorica did not file suit until four months later, October 2, 2000.

 Where equitable estoppel is asserted in avoidance of limitations, a plaintiff must act with due
diligence to file suit upon learning that the representation made by the defendant is false. See
Leonard, 731 S.W.2d at 129; Cook, 673 S.W.2d at 235. The plaintiff may not continue to rely upon
the defendant's original inducement beyond a point when it becomes unreasonable to do so. 
Leonard, 731 S.W.2d at 129.

 Ordorica acknowledges the requirement of due diligence stated in Leonard and Cook, but
argues that it applies only where the plaintiff learns of the misrepresentation before the statute of
limitations expires. Since her attorney did not learn of the misrepresentation until after the statute
had expired, she reasons that she was not required to act with due diligence in filing her suit. We
disagree. The case law plainly requires that a plaintiff seeking to rely on the doctrine of equitable
estoppel in avoidance of limitations must exercise due diligence in filing suit. In other words, the
plaintiff must act with due diligence to preserve her rights. Excusing a plaintiff in Ordorica's
circumstances from using due diligence to file suit would not advance any equitable interest. To the
contrary, a plaintiff could wait years before filing suit and take no action to preserve her rights, yet
still assert that the defendant is estopped from claiming limitations as a defense. We decline to
excuse Ordorica from exercising due diligence. Issue Two is overruled.

EXISTENCE OF A FACT QUESTION


 In Issue Three, Ordorica asserts that whether a delay of four months constitutes a lack of due
diligence is a material fact question which precludes summary judgment. Counsel's affidavit states,
in pertinent part, that:

 On May 31, 2000 Mr. Herrera wrote a letter to the undersigned stating that his
employer was going to assert the statute of limitations against Ms. Ordorica's claims.

 In a June 14, 2000 letter, Herrera advised Ordorica's counsel that he would not have agreed
to an extension of the statute of limitations and he reiterated the insurance company's position that
it would not settle Ordorica's claim due to expiration of limitations. After receiving this letter,
counsel and Mr. Herrera had telephone conversations between June 14, 2000 and the early part of
September, 2000. Counsel stated in his affidavit:

 The undersigned believed that he could persuade Mr. Herrera to honor his
commitment to settle Ms. Ordorica's case after she quit treating until September 7,
2000. It was at that time that the undersigned became convinced that Mr. Herrera
was not going to honor his commitment and he began preparing a complaint against
Mr. Juarbe.

 In cases involving the plaintiff's failure to use due diligence to obtain service, a four-month
delay, when coupled with a weak explanation and ineffectual efforts to obtain service, has been held
to constitute a lack of due diligence has a matter of law. See Webster v. Thomas, 5 S.W.3d 287, 290
(Tex.App.--Houston [14th Dist.] 1999, no pet.). Ordorica made no efforts to file suit after May 31,
2000, but instead focused the entirety of her efforts on persuading the adjuster and insurance
company to settle even though the summary judgment established that Herrera and his employer
remained steadfast in their refusal to settle. Filing suit within a reasonable time after May 31, 2000
would not have inhibited Ordorica's efforts to settle. Because the summary judgment evidence
established a lack of due diligence as a matter of law, the trial court did not err in granting summary
judgment. Issue Three is overruled. Having overruled all three of Ordorica's issues on appeal, we
affirm the trial court's judgment.



March 18, 2004 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

1. In the same suit, Ordorica also filed claims against Tammy Juarbe. Ms. Juarbe answered and filed a motion
for summary judgment based on limitations. The trial court struck Ordorica's summary judgment response and granted
summary judgment in favor of Ms. Juarbe. The trial court later severed Ms. Juarbe's case, styled Patricia Ordorica v.
Tammy Juarbe, into a new cause number, 2001-613. Ordorica did not appeal this judgment.