**Nicolas KNAPIK, Plaintiff,**

**v.**

**BAC HOME LOANS SERVICING, LP, Defendant.**

Civil Action No. H–11–3957.

United States District Court, S.D. Texas, Houston Division.

Nov. 21, 2011.

Mark Wandless Stevens, Attorney at Law, Galveston, TX, for Plaintiff.

Liz Mazzarella, Michael McKleroy, C. Charles Townsend, Jason D. Clark, Akerman Senterfitt LLP, Dallas, TX, for Defendant.

### *MEMORANDUM AND ORDER*

NANCY F. ATLAS, District Judge.

This foreclosure case is before the Court on the Motion to Dismiss [Doc. # 11] filed by Defendant BAC Home Loans Servicing, LP ("BAC"), to which Plaintiff Nicolas Knapik filed a Response [Doc. # 13], and Defendant filed a Reply [Doc. # 17]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

## I. *BACKGROUND*

Plaintiff obtained a loan in the original amount of $148,000.00 for the purchase of real property in Galveston County, Texas. The property consists of a building containing multiple apartments. Plaintiff alleges that he was using one of the apartments as a "weekend home" and was renting the other apartments to tenants. In connection with the loan, Plaintiff executed a Promissory Note, and he and his wife executed a Deed of Trust.

After the property was damaged during Hurricane Ike, Plaintiff attempted to obtain a loan modification. The attempt was unsuccessful, and BAC began foreclosure proceedings.

On April 1, 2011, Plaintiff filed this lawsuit in state court in Galveston County, where he obtained a temporary restraining order enjoining the foreclosure sale. On April 8, 2011, BAC removed the case to the Galveston Division of the Southern District of Texas. By Order [Doc. # 19] entered November 10, 2011, the case was transferred to the Houston Division.

In the state court Petition, attached as Exhibit 1 to the Notice of Removal [Doc. # 1], Plaintiff alleges a violation of section 51.002(d) of the Texas Property Code, estoppel, estoppel—false assurances, inequitable conduct, inequitable conduct—structural factors, and inequitable conduct—bid chilling. Plaintiff alleges also that BAC is "not in possession of the original note" and seeks a declaratory judgment that he is not in default on the note. Defendant moved to dismiss the case for failure to state a claim upon which relief can be granted. The Motion to Dismiss has been fully briefed and is ripe for decision.

## II. *STANDARD FOR MOTION TO DISMISS*

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir.2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. *ANALYSIS*

### A. *Texas Property Code Claim*

Plaintiff alleges that Defendant violated § 51.002(d) of the Texas Property Code, which provides that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property *used as the debtor's residence* with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default...." Tex. Prop. Code § 51.002(d) (emphasis added). Defendant moves to dismiss this claim because the property at issue was not "used as the debtor's residence" but was, instead, a "weekend home." It is undisputed that Plaintiff lived primarily in Houston, but he

alleges that he used one of the apartments in the building as a "weekend home."

Neither the Texas Supreme Court nor any intermediate appellate court in Texas has ruled on whether § 51.002(d) applies to weekend or vacation homes. Accordingly, as a federal court sitting in diversity, the Court must make an *"Erie*[1] guess" as to how the Texas Supreme Court would decide the issue. *See Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011); *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir.2011); *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191–92 (5th Cir.2010).

██ In making its *Erie* guess in this case, the Court finds two unpublished Texas Court of Appeals decisions to be instructive. In *Teachout v. Kitchen*, 2004 WL 794383 (Tex.App.-Houston [14th Dist.] 2004, no pet.), the Texas Court of Appeals held that § 51.002(d) applied only to current residences, not prior residences. In reaching that construction of the statute, the Texas court noted that the Texas Legislature appeared to have engaged in a cost-benefit analysis, deciding that only some debtors were entitled to additional notice and an opportunity to cure prior to foreclosure. *See id.* at *3. The Texas court in *Teachout* noted also that the Texas Legislature appeared to favor a debtor having only one residence, stating that a contrary construction "of section 51.002(d) would yield the nonsensical result that a debtor could have multiple residences under the statute." *Id.* In dicta in *King v. Bank of New York*, 2008 WL 2764523 (Tex.App.-Corpus Christi 2008, no pet.), the Texas Court of Appeals noted that construing § 51.002(d) to include prior residences would be "problematic" because it is unclear how the mortgage company would learn whether and to what extent the debt-

or was using the property as a residence. The Texas court noted that construing § 51.002(d) more broadly "creates the opportunity for gamesmanship, where a defaulting debtor could simply claim residence at any non-residential property and sue the mortgage company if they foreclosed without providing him notice of default." *Id.* at *6 n. 4.

Applying these considerations as discussed by the Texas Courts of Appeals, this Court's *Erie* guess is that the Texas Supreme Court would hold that § 51.002(d) does not apply to an apartment building in which the debtor allegedly uses one of the units as a "weekend home." The benefit of protecting a commercial building is significantly different from the benefit of protecting a person's home. To the extent the Texas courts would permit only one residence for purposes of § 51.002(d), it is undisputed that Plaintiff's primary residence is in Houston, not in the Galveston property. Perhaps most importantly, it is unclear how a mortgage company would know that a debtor was using, and to what extent he was using, one of the units in an apartment building as a "weekend home." There is no allegation how frequently Plaintiff used the apartment unit, and there is no allegation that Plaintiff informed Defendant that he was using one of the apartments in the building as a "weekend home."

Accordingly, the Court concludes that § 51.002(d) does not apply to the property at issue in this case. Defendant's Motion to Dismiss the Texas Property Code claim is granted.

#### B. *Estoppel Claims*

Plaintiff asserts as separate causes of action "estoppel" and "estoppel-false assurances." In the estoppel claim, Plaintiff

---

1. *Erie R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

asserts that Defendant knowingly permitted him to use insurance funds and his own personal funds to make repairs to the property. *See* Petition, pp. 6–7. In the estoppel—false assurances claim, Plaintiff alleges that Defendant repeatedly gave him false assurances that BAC would postpone the foreclosure sale. *See id.* at 7.

■ Generally, equitable estoppel[2] is an affirmative defense, not an affirmative claim for relief. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156, n. 1 (Tex.2004). Plaintiff argues that he is asserting equitable estoppel "in a defensive manner," citing *Cook v. Smith*, 673 S.W.2d 232 (Tex.App.-Dallas 1984, writ ref'd n.r.e.). In *Cook*, the Court noted that a plaintiff could invoke equitable estoppel "to prevent an opponent from pleading limitations, if the opponent, his agent, or representatives make representations which induce the plaintiff to delay filing suit within the applicable limitations period." *Id.* at 235. In this case, it is clear that Defendant has not asserted a statute of limitations defense, nor does Plaintiff explain how his affirmative causes of action for "estoppel" are defensive in nature. As a result, Plaintiff's two estoppel claims fail to state a claim for relief and are dismissed.

### C. *Inequitable Conduct Claims*

Plaintiff asserts a cause of action for "inequitable conduct" in which he asserts that Defendant attempted "to ride the crest of gradually increasing market interest rates." Petition, p. 8. Plaintiff also asserts a claim for "inequitable conduct—

structural factors" in which he states there is a "possibility" that BAC "may have" an interest in pressing foreclosures so as to force owners to surrender properties "at distress prices." *Id.* at 9. In Plaintiff's third inequitable conduct claim, "bid chilling," he alleges that the "practice of publicizing a minimum bid is an unnecessary and counterproductive intrusion into the bidding process." *Id.*

Defendant has moved to dismiss these three claims. As to the first two claims, Defendant correctly asserts that they do not state a claim for relief. Plaintiff does not respond to Defendant's motion as to these two claims, and the Motion to Dismiss the "inequitable conduct" and "inequitable conduct—structural factors" claims is granted.

■ With reference to the "bid chilling" claim, Defendant argues that Plaintiff has alleged no damages resulting from the listing of a minimum bid for the foreclosure sale because there had been no foreclosure sale of Plaintiff's property. Indeed, it is unclear what relief Plaintiff seeks in connection with this claim. Plaintiff in his Response simply argues again that "the practice of announcing minimum bids in advance needlessly drives potential bidders away from the posted sale" and may allow purchasers to "purchase the property at a fire sale price." *See* Response, p. 11. Absent an allegation of injury resulting from the publication of a minimum bid for a foreclosure sale that did not take place, Plaintiff fails to state a claim for relief and the "inequitable conduct—bid chilling" claim is dismissed.[3]

---

2. Apparently recognizing that a promissory estoppel claim would be barred by the statute of frauds, Tex. Bus. & Com.Code § 26.02(b), Plaintiff maintains in his Response that he is asserting equitable estoppel claims, not promissory estoppel claims. *See* Response [Doc. # 13], p. 10.

3. If there had been a foreclosure sale and if Plaintiff were seeking to set aside that sale, he would need to present evidence "that a better price would have resulted if the sale were conducted in a different manner," *i.e.,* without publishing a minimum bid. *See Hunt v. Jefferson Sav. & Loan Ass'n*, 756 S.W.2d 762,

#### D. *Defendant's Possession of the Original Note*

 Plaintiff alleges "on information and belief" that BAC is not in possession of the original note and, therefore, is not authorized to foreclose on the property. The Texas Property Code states that "a mortgage servicer may administer the foreclosure of property." Tex. Prop.Code § 51.0025. Under Texas law, a mortgage servicer need not be the holder of the original note. *See id.* ¶ 51.0001(3), (4) (including "holder of a security instrument" in the definition of mortgagee and stating that a "mortgagee may be the mortgage servicer"). Consequently, the Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest. *See Athey v. Mortg. Elec. Registration Sys., Inc.,* 314 S.W.3d 161, 166 (Tex.App.-Eastland 2010, pet. denied); *see also Wells v. BAC Home Loans Servicing, LP,* 2011 WL 2163987, *3 (W.D.Tex. Apr. 26, 2011); *Broyles v. Chase Home Fin.,* 2011 WL 1428904, *3 (N.D.Tex. Apr. 13, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.,* 2010 WL 996768, *3 (N.D.Tex. Feb. 1, 2010). Plaintiff's allegation that BAC is not the holder of the original note fails to state a claim under Texas law, and that claim is dismissed.

#### E. *Declaratory Judgment Claim*

Plaintiff seeks a declaratory judgment "that Plaintiffs are not in default on the obligation in question." Petition, p. 10. Defendant has moved to dismiss this claim because it is not based on a viable cause of action. Plaintiff does not address this argument in his Response or otherwise argue in opposition to dismissal of the declaratory judgment claim. The Court notes that Plaintiff does not allege that he is not in default as a factual matter and, indeed, makes allegations in the Complaint regarding his attempts to obtain a loan modification agreement. It appears that the declaratory judgment request is based exclusively on the claims seeking to estop Defendant from declaring default. Those equitable estoppel claims have been dismissed, and the declaratory judgment claim is similarly dismissed.

#### IV. *CONCLUSION AND ORDER*

Based on the foregoing, the Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 3] is **GRANTED** and this case is **DISMISSED.** The Court will issue a separate Dismissal Order.

764 (Tex.App.-Dallas 1988, writ denied) (citing *Am. Sav. v. Musick,* 531 S.W.2d 581, 587 (Tex.1975); *Bellah v. First National Bank of* *Hereford,* 474 S.W.2d 785, 788 (Tex.Civ.App.-Eastland 1971, writ ref'd n.r.e.)).