VILLAGES OF GREENBRIAR, Village
Cove Apartments, Lampro Management,
Lampro, Inc., R-the Madison, Inc., d/b/a
Greenbriar on the Bayou, Greenbriar
Nine Joint Venture, Long Asset Management Company, Steve A. Berlinger,
John Long, Newport Furniture Leasing,
Inc., Greenspoint Associates, Ltd., Long
Capitol, Inc., and George Davila, Jr., Appellants,

v.

Javier TORRES and Eulalia
Torres, Appellees.

No. 01–93–00345–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1994.

Rehearing Denied April 28, 1994.

Arthur M. Glover, James B. Lewis, Houston, for appellant Villages of Greenbriar.

William E. Matthews, William B. Allison, David H. Timmins, Houston, for appellant George Davila.

Frank M. Pisano, Houston, for appellant Betty Lou Bauer.

Larry D. Thompson, Gwen W. Dobrowski, Diane M. Guariglia, Houston, for appellees Torres, et al.

Before COHEN, MIRABAL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

In this appeal of a summary judgment granted in a probate proceeding to determine heirship, one individual appellant and one group of related appellants challenge the probate court's ruling in eight points of error. We affirm.

On July 19, 1990, Norma Torres (Decedent) was raped and murdered by an unknown third party at the Village Cove Apartments. She had lived there with appellant, George Davila, Jr. (Davila), her alleged common-law husband. Appellees, Javier and Eulalia Torres (the Torres), are the parents of the Decedent. Davila and the Torres separately sued appellants Villages of Greenbriar, Village Cove Apartments, Lampro Management, Lampro, Inc., R-the Madison, Inc., d/b/a Greenbriar On The Bayou, Greenbriar Nine Joint Venture, Long Asset Management Company, Steve A. Berlinger, John Long, Newport Furniture Leasing, Inc., Greenspoint Associates, Ltd., Long Capitol, Inc. (collectively, the Apartments) in state district court for damages under the wrongful death act and the survival statute.

### The District Court Litigation

On July 25, 1990, Davila retained Jeffrey Wilner (Wilner) to represent him individually and as representative of the Decedent's estate in any cause of action arising out of the Decedent's death. On July 26, 1990, the Torres retained Gwen Dobrowski (Dobrowski) to represent them in similar causes of action.

On September 26, 1991, Davila filed suit, individually and as the representative of the Decedent's estate, in the 164th District Court of Harris County against the Apartments. On November 20, 1991, the Torres filed their suit against the Apartments in the 165th District Court.

On February 26, 1992, the Apartments moved for summary judgment in the 164th District Court against Davila, asserting that his claims against the Apartments were barred by limitations under TEX.FAM.CODE ANN. § 1.91(b) (Vernon 1993). That section provides:

> A proceeding in which a marriage is to be proved under this section [Proof of Certain Informal Marriages] must be commenced not later than one year after the date on which the relationship ended or not later than one year after September 1, 1989, whichever is later.

The district court denied the Apartments' motion for summary judgment on August 31, 1992. On the Torres' motion, the two district court suits were consolidated in the 164th District Court on September 1, 1992. On October 8, 1992, Davila and the Apartments settled all his claims in the district court suit.

### The Probate Litigation

On April 13, 1992, the Torres filed an original application for appointment of independent administrator and application for declaration of heirship (Application) in probate court. Both Davila and the Apartments contested the Torres' amended Application.[1] On October 27, 1992, the 164th District Court abated the Torres' lawsuit against the Apartments pending the outcome of the heirship proceedings.

On December 23, 1992, the probate court denied the Torres' motion to consolidate their district court lawsuit with the probate proceedings. On that same date, the Torres filed a motion for summary judgment against Davila and the Apartments on their contests and oppositions to the Torres' Application. The Torres asserted that (1) because Davila had not filed proof of his alleged common-law marriage within one year of the Decedent's death, any claim of a common-law marriage was barred by TEX.FAM.CODE ANN. § 1.91(b), and (2) the Apartments were judicially bound by the assertions made in their motion for summary judgment in the district court litigation to the effect that section 1.91(b) barred Davila's claim. On February 26, 1993, the probate court granted summary judgment in favor of the Torres and severed the contests from the remainder of the probate proceedings.

### Standard of Review

A summary judgment is proper only when a movant establishes that because no genuine

---

1. The Apartments opposed the Torres' Application, claiming that under their settlement with Davila as the common-law spouse, heir, and representative of the Decedent's estate, they are interested parties in the probate proceeding with a direct financial interest in the outcome. Davila contested the Application on the basis that in his settlement agreement with the Apartments, he agreed to indemnify the Apartments as the sole heir to the Decedent's estate. It appears that the only asset in the estate is an interest in the cause of action against the Apartments.

issue of material fact exists, it is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). To obtain a summary judgment, a movant who has pled an affirmative defense must conclusively establish all elements of its affirmative defense as a matter of law. *Clark v. Pruett,* 820 S.W.2d 903, 905 (Tex.App.—Houston [1st Dist.] 1991, no writ). When summary judgment is sought on the grounds of limitations, it is the movant's burden to conclusively establish the bar of limitations. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). Because the trial court's order does not specify the grounds on which it granted summary judgment, we will affirm the summary judgment if any of the theories advanced are meritorious. *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

## Probate Court Adjudication

In his first point of error, Davila complains that summary judgment was improper because "[t]he summary judgment in the probate court ... was obtained solely to adjudicate matters properly left to the district court." We interpret this point of error to mean that the probate court should have declined jurisdiction over the wrongful death and survival actions because these matters were best decided in the district court. Davila argues that after the district court denied the Apartments' motion for summary judgment against him based on section 1.91(b), the Torres impermissibly brought an action to declare heirship in probate court to avoid the effects of the district court's denial of summary judgment. He contends, therefore, that the probate suit is an attempt to get around the prohibition against the filing of wrongful death and survival actions in the probate court. Davila contends that the probate action is a collateral attack on the district court lawsuit.

■ We find no merit in Davila's first point of error. First, a denial of summary judgment is not a final adjudication of any matter, and a motion for summary judgment may be reurged before a district court after it has been denied. *De Los Santos v. Southwest Texas Methodist Hosp.,* 802 S.W.2d 749,

756 (Tex.App.—San Antonio 1990, no writ). Therefore, we disagree that the Torres' action to determine heirship was impermissibly brought in probate court to avoid the district court's *denial* of the Apartments' motion for summary judgment.

■ Second, Davila's claim that the heirship proceeding is an impermissible attempt to bring a wrongful death and survival action in probate court, as prohibited by the supreme court in *Seay v. Hall,* 677 S.W.2d 19 (Tex.1984), is also without merit. *Seay* was overruled by statute, which now allows a personal representative of the estate to bring causes of action on behalf of the estate in either district or probate court. TEX.PROB. CODE ANN. § 5A(b) (Vernon Supp.1994); *Pearson v. K–Mart Corp.,* 755 S.W.2d 217, 220 (Tex.App.—Houston [1st Dist.] 1988, no writ). Furthermore, the probate court denied the Torres' motion to transfer the wrongful death and survival suit pending in district court. Davila has cited us no authority for the proposition that an action to determine heirship cannot be maintained in probate court while a wrongful death and survival action is pending in district court.

We overrule Davila's first point of error.

## Estoppel

In the Apartments' first point of error and Davila's second point of error, they argue that the trial court erred in granting summary judgment because material fact issues existed on the issue of estoppel. Specifically, they argue that a fact issue existed whether the Torres were equitably estopped from asserting limitations as a bar to the Apartments' and Davila's contest of their assertion of heirship.

■ If in response to a motion for summary judgment on limitations, a nonmovant asserts an affirmative defense in the nature of confession and avoidance, it has the burden of raising a fact issue with respect to its affirmative defense. *Zale Corp.,* 520 S.W.2d at 891; *Nichols v. Smith,* 507 S.W.2d 518, 521 (Tex.1974). It must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment.

*Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Nichols,* 507 S.W.2d at 521. Therefore, the burden was on the Apartments and Davila, the nonmovants, to produce summary judgment evidence sufficient to raise a fact issue on each element of estoppel to avoid the affirmative defense of limitations. *See Brownlee,* 665 S.W.2d at 112; *Cook,* 673 S.W.2d at 235.

The Apartments and Davila claim that the Torres are equitably estopped from asserting the limitations under section 1.91(b) because (1) Dobrowski, the Torres' attorney, represented to Wilner, Davila's attorney, that she would file a wrongful death and survival suit on behalf of both the Torres and Davila; (2) Davila and Wilner relied on Dobrowski's representations; and (3) after receiving no response to his telephone calls to Dobrowski, Wilner immediately filed suit on behalf of Davila. The Apartments and Davila argue that if Dobrowski had not represented to Wilner that she would file a joint suit, Davila or Wilner, on Davila's behalf, would have filed a wrongful death and survival suit within one year after the Decedent's death; therefore, a "proceeding" to prove the existence of Davila's common-law marriage to the Decedent would have been filed within the limitations set forth in section 1.91(b).

In support of their equitable estoppel defense, the Apartments and Davila filed Wilner's affidavit with their responses to the Torres' motion for summary judgment. The affidavit states, in part:

> Prior to filing of suit on behalf of George Davila, Jr., Gwen Dubrowski [sic] continuously represented that she would file a consolidated suit on behalf of George Davila Jr., individually and as the representative of the Estate of Norma Torres and on behalf of Eulalia and Javier Torres, individually.
>
> . . . .
>
> I placed numerous calls to Gwen Dubrowski [sic] for the purpose of determining whether or not a lawsuit was filed on behalf of George Davila, Jr. and the Torres. After receiving no response, I filed George

Davila, Jr.'s civil action under the Wrongful Death Act and the Survival Statute.

The Torres filed their reply and objections to Wilner's affidavit, contending that the self-serving statements of Wilner were objectionable hearsay to which no exception applied and that the affidavit contained legal conclusions and unsupported inferences. Dobrowski filed a controverting affidavit, stating, in part:

> I was retained on July 26, 1990, to represent Eulalia Torres and Javier Torres concerning the death of their daughter, Norma Torres. At no time have I ever been retained by George Davila, Jr., to represent George Davila, Jr. in any matter. I have never represented to George Davila, Jr. that I would file a lawsuit on his behalf, nor have I ever told his attorney, Jeffrey L. Wilner, that I would file a lawsuit on George Davila, Jr.'s behalf for Jeffrey L. Wilner.
>
> I have never represented either orally or in writing to have ever represented George Davila, Jr. in any legal proceeding or matter as a result of Norma Torres' death.
>
> I have never represented either orally or in writing to Jeffrey L. Wilner that I would file a consolidated suit on behalf of "George Davila, Jr., Individually and as the Representative of the Estate of Norma Torres and on behalf of Eulalia and Javier Torres, Individually.
>
> . . . .
>
> I have never entered into or signed any attorney fee contract or employment contract with George Davila, Jr. to represent him for any alleged causes of action or in any alleged proceeding.
>
> I have never entered into or signed any attorney fee contract or employment contract or agreement with Jeffrey L. Wilner in which I was to file any lawsuit or any proceeding on George Davila, Jr.'s behalf or for his lawyer, Jeffrey L. Wilner.

Dobrowski attached correspondence to and from Wilner to her affidavit.[2]

2. Attached to one letter from Wilner to Dobrowski are the demand letters that Wilner sent to the Apartments in which he states that he has been employed to represent George Davila, Jr. in his claim for the injury and death of his wife, Norma Torres, and that his contract of employment is

■ Estoppel may bar a limitations defense when a party, or his agent or representative, makes representations that induce a plaintiff to delay filing suit within the applicable limitations period. *Cook v. Smith,* 673 S.W.2d 232, 235 (Tex.1984); *Gibbs v. Main Bank of Houston,* 666 S.W.2d 554, 558–59 (Tex.App.—Houston [1st Dist.] 1984, no writ). However, the failure to file suit must be unmixed with any want of diligence on the plaintiff's part. *Leonard v. Eskew,* 731 S.W.2d 124, 129 (Tex.App.—Austin 1987, writ ref'd n.r.e.); *Jim Walter Homes, Inc. v. Mora,* 622 S.W.2d 878, 880 (Tex.App.—Corpus Christi 1981, no writ).

■ To invoke estoppel, a party must prove that (1) a false representation or concealment of a material fact (2) made with knowledge or the means of knowledge of the real facts, (3) to a party without knowledge or the means of knowledge of the real facts, (4) with the intention that it should have been acted upon, and (5) the party to whom it was made must have relied upon or acted upon it to his prejudice. *Cook,* 673 S.W.2d at 235.

■ We find that the summary judgment proof offered by the Apartments and Davila, in the form of Wilner's affidavit, does not raise a fact issue on each element of estoppel. First, no fact issue was raised on the element that Dobrowski possessed knowledge or a means of knowledge with respect to the limitations in Tex.Fam.Code Ann. § 1.91(b) that Wilner, as an attorney, did not have. Second, Wilner's affidavit is insufficient to raise a fact issue that Davila relied on any representations to his prejudice. Wilner avers that appellees' attorney continuously represented that she would file a consolidated suit on behalf of both the Torres and Davila and that she never returned his telephone calls regarding the status of any filing. He never states, however, when these continuous representations or telephone calls occurred. If these representations occurred after July 19, 1991, then even if Davila relied on these representations, he did not do so to his prejudice. Third, Davila and his attorney presented no summary judgment proof showing they were diligent, specifically, that it was reasonable for Davila and Wilner to continue to rely upon any alleged inducement by Dobrowski once the one-year limitations period of section 1.91(b) approached. *Leonard,* 731 S.W.2d at 129.

Though not formally raised in their first point of error, the Apartments argue in their brief that the Torres fraudulently concealed their contest to the common-law marriage of Davila and the Decedent. In support of this assertion, the Apartments refer to Wilner's affidavit, which states:

> At no time prior to the filing of the suit did Ms. Dubrowski [sic] and or her clients indicate in any manner whatsoever that they contested the common law marriage between George Davila, Jr. and Norma Torres. In fact their actions and conduct affirmed the common law marriage of George Davila, Jr. and Norma Torres.

■ Limitations may be tolled when a defendant conceals from the plaintiff facts necessary for him to know that he has a cause of action that has accrued against the defendant. *Leonard,* 731 S.W.2d at 128. Wilner's statement is insufficient to raise a fact issue that the Torres or their attorney fraudulently concealed any cause of action that Davila had. Davila had a responsibility to comply with section 1.91(b) notwithstanding the Torres' actions and conduct. Davila's anticipation of the Torres' future legal maneuvers is irrelevant to the argument that his wrongful death and survival suit would have been timely filed but for the Torres' actions. Nothing in the language of section 1.91 indicates that a common-law spouse needs to prove the existence of an informal marriage only when the informal marriage is disputed.

The Apartments and Davila have failed to present sufficient summary judgment evidence to raise an issue of fact on each element of estoppel defense. Therefore, we

coupled with an assignment of interest in the case. Also attached is a letter from Wilner to Dobrowski, dated October 2, 1991, forwarding a copy of the petition he filed on behalf Davila.

The letter merely states, "Please contact me at your convenience so that we can discuss strategy."

overrule the Apartments' first point of error and Davila's second point of error.

### Shift of the Burden of Proof

■ In their second point of error, the Apartments assert that the trial court erred by improperly shifting the burden of defeating summary judgment to the Apartments and Davila. They argue that in deciding that Wilner's affidavit and Davila's deposition did not raise sufficient fact issues on their estoppel defense, the probate court in effect required that they *prove* estoppel in order to defeat the Torres' summary judgment. We have held that Wilner's affidavit and Davila's deposition did not raise fact issues on all the elements of the affirmative defense of equitable estoppel. We find no substantiation in the record that the probate court erroneously shifted the burden of proof in the summary judgment proceeding.

We overrule the Apartments' second point of error.

### Application of Section 1.91(b) Limitations

■ In their fifth points of error, the Apartments and Davila contend that TEX. FAM.CODE ANN. § 1.91(b) does not apply to the wrongful death and survival statutes, TEX.CIV.PRAC. & REM.CODE ANN. §§ 71.002–71.004, 71.021 (Vernon 1986). A review of the probate court's summary judgment persuades us that this issue is not before this Court.

The Apartments and Davila characterize the probate proceeding as a suit whose only purpose was to determine the class entitled to sue in the wrongful death and survival action in district court. Appellants then contend that section 1.91(b) does not apply to the wrongful death and survival statutes when determining who can sue and recover under those statutes.

In its order granting the Torres' summary judgment, the probate court did not determine whether TEX.FAM.CODE ANN. § 1.91(b) applies in wrongful death and survival suits. The motion for summary judgment was brought solely on the issue of the Apartments' and Davila's contests to the Torres' application for heirship. The issue before the probate court on summary judgment was to determine the heirs of the Decedent, not to determine who could sue and recover in the wrongful death and survival action. The Apartments and Davila have not asserted an argument that section 1.91(b) should not apply in an heirship determination, which was the only proceeding that was before the probate court and the only subject of this appeal.

We overrule the Apartments' and Davila's fifth point of error.

### Tolling Limitations

In the Apartments' and Davila's third points of error, they argue that the trial court erred in granting summary judgment because TEX.CIV.PRAC. & REM.CODE ANN. § 16.062(a) (Vernon 1986) tolled the one-year limitations in TEX.FAM.CODE ANN. § 1.91(b). Section 16.062(a) provides:

> The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death.

The Apartments and Davila argue that because section 16.062 suspends for one year the running of the limitations period in which to bring a survival action and suspends for one year the running of the limitations in section 1.91(b), section 1.91(b) did not preclude Davila from bringing his survival action in district court. Our previous holding that the issue of whether section 1.91(b) applied in wrongful death and survival actions was neither before the probate court or this Court controls our disposition of this argument. If the limitations question is not properly before us, neither is the question of its tolling.

■ Davila then argues that because the Torres initiated the probate proceeding within two years after the Decedent's death, and because section 16.062 suspended the running of the limitations in section 1.91(b) until one year after the Decedent's death, the probate proceeding was a timely filed proceeding in which Davila could prove his common-law marriage. We find this argument to be without merit.

First, the language of section 16.062 tolls limitations applicable to causes of action in favor of *a decedent.* For example, section 16.062 does not apply to toll the limitations for wrongful death actions because a cause of action for wrongful death runs in favor of a deceased's spouse, children, and parents, and not in favor of the deceased. *Valdez v. Texas Children's Hosp.,* 673 S.W.2d 342, 345 (Tex.App.—Houston [1st Dist.] 1984, no writ). Therefore, section 16.062 does not apply to toll the limitations in this case, because Davila is using section 1.91(b) to *his* advantage, not the Decedent's, in trying to prove his common-law marriage to the Decedent and recover as her heir and as the representative of her estate.

Moreover, while the Torres filed their application within two years from the Decedent's death, Davila did not file a contest to the application proceeding until several months after the two years following Decedent's death. Therefore, even if section 16.- 062 were to toll the limitations in section 1.91(b) for one year, Davila did not timely file any proceeding in which he could prove the existence of his common-law marriage.

We overrule the Apartments' and Davila's third points of error.

### Offensive Use of Limitations

In their fourth points of error, the Apartments and Davila argue that the trial court erred in granting summary judgment because the Torres' offensive use of the limitations in Tex.Fam.Code Ann. § 1.91(b) was improper.

 As a general rule, limitations statutes do not apply to defenses. *Hennigan v. Heights Sav. Ass'n,* 576 S.W.2d 126, 130 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). For example, a plaintiff cannot file a lawsuit and then claim that the defendant is barred by limitations from asserting its affirmative defenses such as fraud, mistake, or waiver. *See, e.g., Cooper v. RepublicBank Garland,* 696 S.W.2d 629, 634 (Tex. App.—Dallas 1985, no writ) (preventing plaintiffs from using limitations offensively to negate defendants' defense arising out of contract claim); *Bayoud v. Nassour,* 688 S.W.2d 198, 199 (Tex.App.—Eastland 1985, writ ref'd n.r.e.) (barring statute of limitations attack on defendant's affirmative defense of want of consideration). Thus, if the subject matter of a defense is intrinsically defensive in nature, and would, if given effect, operate as a negation of a plaintiff's asserted right to recover, the statute of limitations does not apply. *Hennigan,* 576 S.W.2d at 130.

 The Apartments and Davila contend that Davila is in a purely defensive posture because he is asserting heirship only as a defense to the Torres' heirship claim. Therefore, they reason, the Torres are prohibited from asserting section 1.91(b) limitations offensively against Davila. The Apartments and Davila further contend that the only way the Torres can prove that they are entitled to be declared heirs is to *disprove* the common-law marriage of Davila and the Decedent. We disagree that Davila, by virtue of his contest to appellees' assertion of heirship, is in a purely defensive posture. Appellants misplace the burden imposed on a party to an informal marriage. Section 1.91(a) places an affirmative duty on a spouse to an informal marriage to prove by certain evidence the existence of that marriage. Under the provisions of section 1.91, Davila was required to prove the existence of his common-law marriage and to do so by some proceeding commenced within a year after the Decedent's death. Davila is in the same position he would have been in had he brought an action to declare himself the Decedent's heir: he would still have the affirmative duty to prove his common-law marriage under Tex.Fam.Code Ann. § 1.91.

We overrule the Apartments' and Davila's fourth points of error.

Because our overruling of points of error one through five are dispositive, we decline to review the Apartments' sixth point of error. *Jones,* 846 S.W.2d at 924.

We affirm the judgment of the probate court.