TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00194-CV






Hugh Beadles, Appellant


v.


Lago Vista Property Owners Association, Inc., Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. 279022, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 Hugh Beadles appeals the trial court's summary judgment in favor of Lago Vista
Property Owners Association, Inc. (the Association), ordering Beadles to pay property assessments
and attorney's fees. Beadles contends that the trial court erred in determining that res judicata
precluded his affirmative defenses and counterclaim. He further argues that his affirmative defenses
and counterclaim were not barred by limitations. Finally, he contends that the summary judgment
evidence presented by the Association was not competent. Because we hold that Beadles's
counterclaim and affirmative defenses are precluded by res judicata and that the Association
presented competent summary judgment evidence, we affirm. 


BACKGROUND

 Beadles owns more than four hundred lots in Lago Vista that are subject to restrictive
covenants and assessments managed by the Association. The Association is a non-profit corporation
organized under the laws of Texas and, therefore, must conform with the requirements of the Texas
Non-Profit Corporation Act (the Act). See Tex. Rev. Civ. Stat. Ann. arts. 1396-1.01-11.02 (West
2003 & Supp. 2006). The Association's covenants require property owners to belong to the
Association and allow the Association to collect assessments for each lot owned. The Association
allows one vote per member, regardless of the number of lots owned by each member. Beadles has
been a member since 1996, but may cast only one vote even though he owns hundreds of lots in Lago
Vista. Beadles believes that the Association's per capita voting structure is illegal and violates the
Act, which he argues requires each member to receive one vote per lot owned.

 In 2000, Beadles filed a declaratory judgment suit, asserting in part that the
Association's assessments were invalid because the per capita voting structure violated the Act. 
Beadles v. Lago Vista Prop. Owners Ass'n, Inc., No. 03-02-00228-CV, 2002 Tex. App. LEXIS 7940
(Tex. App.--Austin Nov. 7, 2002, pet. denied) (not designated for publication) ("Beadles I"). The
trial court in Beadles I granted the Association's motion for summary judgment, which argued that:
limitations barred Beadles's complaints, a default judgment rendered in a separate suit and requiring
Beadles to pay maintenance fees for years 1996 through 2000 was res judicata on Beadles's
declaratory judgment claim, and the Association did not act beyond its authority. Id. at *3-4. In
affirming the trial court's judgment, we considered Beadles's arguments related to the voting
structure, albeit briefly, and concluded that the Act did not bar per capita voting. Id. at *9.

 After our decision in Beadles I, Beadles continued to assert that the Association's
voting structure is illegal and violates the Act. He also refused to pay assessments made against his
properties in 2002, 2003, and 2004. In 2004, the Association filed suit to collect those unpaid
assessments, as well as late charges, interest, and attorney's fees, stating that it had secured the
unpaid assessments by a lien. Beadles answered with a counterclaim for declaratory relief and
asserted affirmative defenses, contending that the Association was illegally constituted due to the
voting structure and thus lacked authority to make the assessments. (1) The Association filed a motion
for summary judgment, arguing that Beadles's affirmative defenses and counterclaim, all based on
the alleged illegality of the per capita voting structure, were barred by res judicata and the statute of
limitations. The trial court granted the Association's motion for summary judgment without
specifying the grounds on which judgment was granted and ordered Beadles to pay the assessments,
interest, and attorney's fees. 


DISCUSSION

 As a preliminary matter, the Association filed an affidavit stating that Beadles has
paid the judgment in full and contending that because Beadles has completely satisfied his judgment
debt, the appeal should be dismissed as moot. Beadles contends that the payment was made under
protest, so the appeal is not moot. There is a dispute in the affidavits presented by the parties as to
whether Beadles expressed an intent to proceed with his appeal at the time he paid the judgment. 
In his response to the Association's motion to dismiss, Beadles explains that he wanted to sell some
of his property under the Association's lien and therefore had to pay the judgment to clear title for
the sale. He attached an affidavit by his attorney averring that before the Association accepted
Beadles's payment, the attorney told the Association's attorney that Beadles had tendered payment
under protest and for the sole purpose of clearing title in order to sell the property. In response, the
Association's attorney averred that "[p]rior to receiving [Beadles's] checks, I had no discussion with
Hugh Beadles or any representative of Hugh Beadles with regard to the payment of the outstanding
Judgment." Rather than parsing the details of timing or deciding between competing affidavits, we
will follow the rule stated by the supreme court in Miga v. Jensen, that "payment on a judgment will
not moot an appeal of that judgment if the judgment debtor clearly expresses an intent that he intends
to exercise his right of appeal." 96 S.W.3d 207, 212 (Tex. 2002). We will consider the merits of
Beadles's issues and we overrule the Association's motion to dismiss.

 Beadles raises four issues on appeal. He contends that the trial court erred in 
determining that his affirmative defenses and counterclaim were precluded by res judicata or barred
by limitations and in determining that the Association's summary judgment evidence was competent. 
We will address each in turn.


Res Judicata

 Beadles contends that the trial court could not properly have granted the Association's
motion for summary judgment on the basis that this Court's decision in Beadles I precluded
consideration of his affirmative defenses and counterclaim under res judicata. He claims that res
judicata does not apply because (1) any statement by this Court in Beadles I regarding the legality
of the Association's voting structure was merely dicta, (2) the legality of the voting structure was not
actually litigated, and (3) the claims at issue in this cause do not arise from the same transaction as
those already litigated.

 "Res judicata" is used to refer to "related concepts concerning the conclusive effects
given final judgments," and "[w]ithin this general doctrine, there are two principal categories: (1)
claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral
estoppel)." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992) (citing Puga v. Donna
Fruit Co., 634 S.W.2d 677, 679 (Tex. 1982)). Claim preclusion bars the relitigation of claims that
have been finally adjudicated or should have been litigated in an earlier suit. Id. Issue preclusion
bars the relitigation of "particular issues already resolved in a prior suit." Id. Res judicata bars later
litigation if there is a prior final judgment on the merits by a court of competent jurisdiction, identity
of parties or those in privity with them, and the later action is based on the same claims that were or
should have been raised in the first action. See Coalition of Cities for Affordable Util. Rates v.
Public Util. Comm'n, 798 S.W.2d 560, 563 (Tex. 1990); Texas Water Rights Comm'n v. Crow Iron
Works, 582 S.W.2d 768, 771-72 (Tex. 1979). 

 We first address whether this Court's consideration of the Association's voting
structure in Beadles I can be regarded as a judgment on the merits. Beadles I was a declaratory
judgment action in which Beadles challenged the scope of the Association's discretionary authority
and asserted that the Association's per capita voting structure was illegal and invalid under the Act. 
2002 Tex. App. LEXIS 7940, at *1. This Court twice upheld the validity of the Association's voting
structure, and in both instances this determination was necessary to our holdings. Id. at *9, *22.

 In the earlier suit, Beadles and another property owner argued that each vote taken
by the Association under the invalid voting procedure constituted a continuing breach that tolled the
running of limitations. Id. at *8. This required a determination of whether the Act permits per capita
voting, and we held that it did. Id. at *9 ("They [Beadles and the other plaintiff] maintain that the
Non-Profit Corporations Act does not permit per capita voting. Having examined the statute, we
find this argument to be without merit."). We held, therefore, that any complaint regarding the
voting structure arose from the amendment of the Association's voting procedures, which took place
in 1992, more than four years before the action was brought, and so the statute of limitations barred
the claim. Id. If this Court had determined that the voting procedures were not allowed under the
Act, there would have been a continuing breach that would have tolled the statute of limitations, and
Beadles's claim would not have been barred by limitations. Our determination that the Act allows
per capita voting was necessary to our holding that the statute of limitations barred Beadles's claim.

 This Court also briefly considered the validity of the voting structure when we
addressed Beadles's affirmative defense to the Association's counterclaim for unpaid assessments. 
Id. at *22. We stated that we had already addressed the legality of the Association's voting structure
and "resolved these issues against Beadles" and affirmed the award of assessments and attorney's
fees. Id. It was necessary for the Court to determine that the Act allows per capita voting to affirm
the judgment of the district court. 

 Beadles contends that because the trial court in Beadles I granted summary judgment
in favor of the Association based on statute of limitations grounds, it did not consider whether the
Association's voting structure complied with the Act. Therefore, he argues that his claim was not
actually litigated. However, regardless of the trial court's decision, Beadles had full opportunity to
brief and litigate the Association's voting structure in this Court and the trial court in that cause, and
the voting structure issue was related to the statute of limitations questions. As we explained above,
we determined that the Association's voting structure was valid after full briefing by both parties. 
We conclude that the issue was actually litigated. 

 Beadles claims that res judicata does not bar his claims because the underlying
transaction in Beadles I was the failure to pay assessments for the years 1996-2000 while the
underlying transaction for this suit is the failure to pay the 2002, 2003, and 2004 assessments. We
disagree. The prior judgment inquired into and required a determination of the validity of the
Association's per capita voting structure, and both actions involve the same parties. Therefore, res
judicata applies to bar Beadles's claims. 

 Finally, the Act states that:

Each member, regardless of class, shall be entitled to one (1) vote on each matter
submitted to a vote of the members, except to the extent that the voting rights of
members of any class or classes are limited, enlarged, or denied by the articles of
incorporation or the by-laws.


Tex. Rev. Civ. Stat. Ann. art. 1396-2.13(A) (West 2003). A "member" is defined as "one having
membership rights in a corporation in accordance with the provisions of its articles of incorporation
or its by-laws." Id. art. 1396-1.02(A)(6) (West 2003). We find no language in the Act prohibiting
the creation of a per capita voting structure. Thus, we reiterate our holding in Beadles I, that the Act
does not bar the Association's use of per capita voting. See 2002 Tex. App. LEXIS 7940, at *9. We
overrule Beadles's third issue on appeal. 



Statute of Limitations

 In his first and second issues, Beadles contends that his affirmative defenses and
counterclaim are not barred by the statute of limitations. Beadles argues that statutes of limitations
generally do not apply to affirmative defenses. See Villages of Greenbriar v. Torres, 874 S.W.2d
259, 266 (Tex. App.--Houston [1st Dist.] 1994, writ denied). He also asserts that the assessments
and the Association's lien on his property created a cloud on the title to his property and that his
claim is not time-barred because a cause of action based on a cloud on title to real estate is not barred
by limitations as long as the cloud exists. See Texas Co. v. Davis, 254 S.W. 304, 309 (Tex. 1923).

 It is unnecessary for us to decide these arguments. When a trial court grants summary
judgment without specifying the basis for its judgment, the appealing party must show that each
ground asserted in the motion for summary judgment is insufficient to support the trial court's
decision. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). We will affirm a summary
judgment if it is supported by any one of the movant's theories. Id. Here, the trial court did not
specify whether summary judgment was granted on the basis of res judicata or limitations. Because
we have held that Beadles's claims are barred by res judicata, we need not determine whether the
trial court could have granted summary judgment on limitations grounds. We overrule Beadles's
first and second issues. 


Competent Summary Judgment Evidence

 In his final issue, Beadles claims that the Association did not produce competent
evidence in support of its summary judgment motion. Specifically, he contends that the evidence
does not show that the assessments were authorized by the appropriate authority, arguing that the
Association was not authorized to make assessments because its elections did not comply with the
Act. Therefore, he asserts, the affidavit's identification of the amounts owed are only legal
conclusions.

 We review the trial court's grant of summary judgment de novo, indulging
presumptions and resolving doubts in favor of the non-movant, and taking evidence as true evidence
favorable to the non-movant. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156 (Tex.
2004). To prevail on a summary judgment motion, the movant must offer admissible evidence
proving that no genuine issue of material fact exists and that the movant is entitled to judgment as
a matter of law. Tex. R. Civ. P. 166a(c). A legal conclusion is insufficient to establish facts to
support a motion for summary judgment. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).

 Beadles admits that his lots are subject to recorded restrictive covenants that require
him to be a member of the Association. He does not deny the Association's authority to collect
assessments against him if its voting structure is in compliance with the Act. He claims only that
the Association is not authorized to make assessments because its elections violate the Act. Before
the trial court considered the Association's motion, this Court had already determined that the
Association's elections did not violate the Act. See Beadles I, 2002 Tex. App. LEXIS 7940, at *9. 
Therefore, the evidence provided by the Association did not amount to mere legal conclusions but
instead was competent summary judgment evidence to prove the sums accrued over the years. The
Association provided sufficient evidence to support its summary judgment motion. We overrule
Beadles's fourth issue. 


CONCLUSION

 Having overruled all of Beadles's issues on appeal, we affirm the trial court's granting
of summary judgment.


 __________________________________________

 David Puryear, Justice


Before Justices B. A. Smith, Patterson, and Puryear

Affirmed

Filed: December 14, 2006


1. The motion for summary judgment, response to the motion, and the parties' appellate briefs
all state that Beadles asserted a counterclaim seeking a declaration that the Association lacked
authority to assess his property and was illegally elected and constituted. However, Beadles's
original answer does not assert a counterclaim, but instead only asserts those arguments as
affirmative defenses. Because this issue does not affect our discussion, we will proceed under the
presumption that Beadles did in fact assert a counterclaim.