# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-0026-CV

**Curtis Lewallen and Rubye Lewallen, Appellants**

**v.**

**Rosa Cross, Appellee[1]**

**FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 452ND JUDICIAL DISTRICT
NO. 2013022, HONORABLE ROBERT R. HOFMANN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Curtis Lewallen and Rubye Lewallen appeal a summary judgment granted in favor of Rosa Cross on the grounds of limitations. The Lewallens initially filed a timely suit against Cross in what their counsel thought was a county court at law. They later filed a voluntary nonsuit of that suit. The Lewallens argue that the doctrine of equitable tolling, which tolls the limitations period for suits filed against a wrong defendant, should be extended to apply to suits that are mistakenly filed in the wrong court. We will affirm the judgment.

---

[1] Rosa Cross died between the time she filed her answer and the signing of the judgment, but no suggestion of death was filed and there is no appellate complaint about this omission. We note that in similar contexts, established case law allows trial courts to proceed to judgment after the court has acquired jurisdiction of the parties and subject matter of the suit. *See* Tex. R. Civ. P. 63, 152; *Gracey v. West*, 422 S.W.2d 913, 915 (Tex. 1968); *Phillips v. Teinert*, 493 S.W.2d 584, 586 (Tex. App.—Houston [14th Dist.] 1973, no writ) (Brown, J., dissenting).

**DISCUSSION**

*Lewallens file suit in county court*

The Lewallens' negligence claims against Cross arose from an automobile accident that occurred on or about December 13, 2010. On July 18, 2012, the Lewallens' attorney filed suit against Cross in what he thought was the county court at law of McCulloch County. However, McCulloch County does not have a county court at law but rather has only a district court and a constitutional county court. *See* Tex. Const. art. V, § 15 (establishing constitutional county courts); Tex. Gov't Code §§ 21.009(1) (defining "county court"); *see also* Tex. Const. art. V, § 8 (establishing district courts). Constitutional county courts have a jurisdictional limit of $10,000. *Compare* Tex. Gov't Code § 26.042(a) (limiting county court's jurisdiction in civil cases to cases in which matter in controversy does not exceed $10,000) *with id*. § 24.007 (stating that district court has jurisdiction as set forth in constitution and original jurisdiction of civil matters in which amount in controversy exceeds $500). The Lewallens' attorney mistakenly believed he filed the Lewallens' suit in a county court at law.[2]

The parties proceeded to conduct discovery, including Cross's request for disclosure to the Lewallens and both parties' interrogatories and requests for production to each other. The Lewallens' attorney thereafter made unsuccessful attempts to communicate with defense counsel during November and December 2012. On January 8, 2013, after the limitations period ran, the

---

[2] The filed pleadings show his misunderstanding, with the original petition captioned "In the County Court at Law of McCulloch County, Texas." However, Cross's answer was correctly captioned "In the County Court of McCulloch County, Texas," where the suit was actually filed. The petition was file-stamped "Tina A. Smith McCulloch County Clerk."

Lewallens' attorney learned from defense counsel that there was no county court at law in McCulloch County, that defense counsel considered the case to have a $10,000 limit, and that Cross intended to assert a limitations defense if the Lewallens re-filed the suit in district court.

### *Lewallens file same suit in district court and nonsuit in county court*

On January 16, 2013, while their county court suit against Cross was still pending and after the statute of limitations ran, the Lewallens filed the same suit in the McCulloch County District Court. Cross filed an answer specially excepting to the lack of a total damages amount in the petition, asserting that the Lewallens' district court claims were barred by limitations, and objecting that the Lewallens could not simultaneously maintain suits on the same claims in county court and district court. In response to this objection, the Lewallens' attorney did not attempt to have his county court suit dismissed for want of jurisdiction on the basis that he planned to seek damages in excess of the court's jurisdiction, rather, he filed a voluntary nonsuit of the county court case.

### *Cross files summary judgment motion challenging Lewallens' district court suit*

Cross subsequently filed a motion for summary judgment in the district court suit asserting the limitations defense. The Lewallens filed a response arguing that the limitations period was subject to equitable tolling because Cross had proceeded to litigate the suit in county court and "lulled Plaintiff's counsel into believing that he was litigating soundly." The district court conducted a hearing, took the matter under advisement, and then granted Cross's motion.[3] The Lewallens filed

_____

[3] The Lewallens' suit was filed in the 198th District Court. Effective September 1, 2013, the Legislature created the 452nd Judicial District of McCulloch County and moved the 198th Judicial District out of the county. *See* Act of May 26, 2013, 83d Leg., R.S., ch. 1059,

an untimely pro se motion for new trial complaining of what they contended was their attorney's poor representation.  The same day, the Lewallens' attorney filed this appeal on their behalf.

***Standard of review***

We apply well-known standards in our de novo review of a summary judgment.  *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  We must determine whether there is more than a scintilla of probative evidence raising genuine issues of material fact.  Tex. R. Civ. P. 166a(c).  We review the record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor.  *Knott*, 128 S.W.3d at 215.  A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations.  *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex. App.—Austin 1987, writ ref'd n.r.e.).  If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment.  *Jennings*, 917 S.W.2d at 793.

Here, because Cross's motion for summary judgment met her initial burden of demonstrating that the Lewallens' suit was barred by the statute of limitations, the burden shifted

---

§ 1.03(b), sec. 24.377, 2013 Tex. Gen. Laws 2525, 2527 (current version at Tex. Gov't Code § 24.377) (196th Judicial District is composed of Bandera and Kerr Counties); *id*., § 1.03(c), sec. 24.596, 2013 Tex. Gen. Laws at 2527 (current version at Tex. Gov't Code § 24.596) (452nd Judicial District is composed of five counties including McCulloch); *id*. § 1.03(h), (j), 2013 Tex. Gen. Laws at 2528 (creating 452nd Judicial District and stating that local administrative judge shall transfer to 452nd District Court all cases pending in 198th District Court on effective date of Act).  The Lewallens' suit was transferred from the 198th District Court to the new 452nd District Court, which heard and granted Cross's summary judgment motion.

to the Lewallens to produce summary judgment evidence sufficient to raise a fact issue in avoidance of Cross's affirmative defense of limitations. *See Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 487 (Tex. App.—Texarkana 2003, pet. denied). We conclude that the Lewallens failed to raise a fact issue on the applicability of equitable tolling to the filing of their district court suit and as such, summary judgment was proper.

### *Equitable tolling based on adversarial inducement or trickery*

The Lewallens' three appellate issues are variations on the argument that we should extend the doctrine of equitable tolling to apply to suits that are mistakenly filed in the wrong court. Generally, personal-injury suits must be filed two years from the day that the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a). Plaintiffs may seek an exception to this two-year filing deadline through equitable tolling, which has been applied to cases in which plaintiffs have sued the wrong defendant. The Texas Supreme Court has stated that equitable tolling applies specifically "when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010) (quoting *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999)). Equitable tolling also applies "where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.).

The Lewallens seek equitable tolling via the latter route, arguing in their second issue that the actions of Cross's counsel "lulled" them into thinking that they were litigating in the proper

5

court until after the limitations deadline passed. In support of this argument the Lewallens offered their attorney's affidavit, which was attached to their summary judgment response.[4] In the affidavit, the attorney states that the parties conducted discovery while the case was pending in county court and that in October 2012 he made two settlement offers to Cross, the first for $50,000 and the second for $400,000.[5] Defense counsel did not respond to the settlement offers. The attorney's affidavit also stated that in late November, he and defense counsel planned to discuss possible settlement in the "next weeks," but that in November and December he made three telephone calls to defense counsel with no response. In January, defense counsel advised the Lewallens' attorney that the case was subject to the $10,000 damages limit of the county court and that Cross intended to assert a limitations defense should the Lewallens attempt to file in district court. Eight days after this conversation, the Lewallens' attorney filed suit in district court. Cross continued to conduct discovery in district court, sending the Lewallens a request for disclosure and requesting

---

[4] The Lewallens' attorney's affidavit was unsigned and stated that it was "true to the best of his knowledge and belief." Cross complains that this unsigned statement fails to meet the Texas Government Code's requirements for an "affidavit," which is defined as a written statement of fact or facts, signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office. *See* Tex. Gov't Code § 312.011(1); *Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 316 (Tex. 2012). A written statement that does not meet this basic statutory definition is "no affidavit at all." *Mansions*, 365 S.W.3d at 316 (quoting *Hardy v. Beaty*, 19 S.W. 778, 779 (Tex. 1892)). Cross further complains that the attorney's affidavit, which is "true to the best of his knowledge and belief," fails to qualify as summary judgment evidence because it does not state that it is based on his personal knowledge. *See* Tex. R. Civ. P. 166a(f). These objections were not raised below, but we need not decide the effect of that omission, if any, because the affidavit does not affect our analysis, as noted above.

[5] Attached to the affidavit were the Lewallens' attorney's time line of case events, his letter to Cross's counsel with the $400,000 settlement offer, his cover letter for a verification of the Lewallens' interrogatory answers, the first pages of the Lewallens' petition and answer in county court, and the first page of a notice of deposition by written questions with a district court caption.

Curtis Lewallen's medical records. Cross later filed her motion for summary judgment, yet the parties also discussed dates for the Lewallens' depositions and a jury trial.

Cross correctly notes that Texas courts, including ours, have stated that equitable tolling applies only to suits in which the wrong defendant was originally sued and the correct defendant was not named until after the limitations period expired. *See, e.g.*, *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5-6 (Tex. 1990); *Bailey*, 154 S.W.3d at 920; *Felan v. Humana, Inc.*, 163 S.W.3d 95, 97-98 (Tex. App.—San Antonio 2004, no pet.); *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 836 (Tex. App.—Austin 2003, pet. denied); *Walls v. Travis Cnty.*, 958 S.W.2d 944, 946 (Tex. App.—Austin 1998, pet. denied). This record does not reflect that Cross was named incorrectly when the Lewallens originally filed suit. The Lewallens cite cases from Florida and California but no Texas authority showing that the doctrine of equitable tolling applies to suits filed after the limitations period in the wrong court. "As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute." *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.).

Cross also contends that essential elements of equitable tolling, such as the filing of a defective pleading and adversarial trickery, are lacking here. We agree. The Lewallens did not file any "defective" pleading during the statutory period. Their county court petition stated affirmatively that the court had subject-matter jurisdiction and there is no pleading of any damage amount, much less any allegation that the damages they sought exceeded the $10,000 jurisdictional limit of the McCulloch County Court. *See* Tex. Const. art. V, § 15; Tex. Gov't Code §§ 21.009(1), 26.042(a).

7

Nor was the Lewallens' counsel tricked by opposing counsel into allowing a filing deadline to pass. He admitted as much to the district court at the summary judgment hearing, stating, "I'm not in any way suggesting that he [defense counsel] was trying personally to deceive me," and "Counsel was not under an obligation to tell me of my error, and I want to emphasize here, Your Honor, that I'm not suggesting that counsel had done anything improper or unethical." Under Texas law, the equitable-tolling doctrine does not operate on these facts to toll the two-year statute of limitations.

### *Statutory tolling*

The only Texas case that the Lewallens' reply brief cites implicates not equitable tolling but statutory tolling. *French v. Gill*, 252 S.W.3d 748, 750 (Tex. App.—Texarkana 2008, pet. denied) (citing Tex. Civ. Prac. & Rem. Code § 16.064). Cross points out that the Lewallens did not raise an argument about statutory tolling in response to her motion for summary judgment. We cannot reverse a summary judgment on a ground not raised below. *See* Tex. R. App. P. 33.1(a); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Further, even if the Lewallens had raised it, we agree with Cross that statutory tolling does not apply here.

Statutory tolling is available under section 16.064 of the Texas Civil Practice and Remedies Code for suits that are filed in the wrong court and dismissed for lack of jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 16.064; *United Servs. Auto. Ass'n*, 307 S.W.3d at 311. Under section 16.064, when a party previously filed suit in a different court and that first-filed suit was dismissed for lack of jurisdiction, the statute of limitations may be tolled if the party re-files the suit in a court of proper jurisdiction within sixty days after the dismissal:

8

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

Tex. Civ. Prac. & Rem. Code § 16.064.

The provisions of section 16.064 specify that tolling applies only when the first-filed suit is dismissed for lack of jurisdiction. *Id.* Here, the Lewallens made no showing that their county court suit was dismissed for lack of jurisdiction; rather, the record reflects that their attorney voluntarily nonsuited the Lewallens' county court suit after they had filed the same suit in district court and the statute of limitations had run. The Lewallens' nonsuit made statutory tolling inapplicable.

Nonsuits do not toll limitations. *Flatonia State Bank v. Southwestern Life Ins. Co.*, 127 S.W.2d 188, 192-93 (Tex.), *set aside on other grounds*, 128 S.W.2d 790 (Tex. 1939) ("[I]f a plaintiff voluntarily abandons his suit, the statute of limitation is not interrupted during the period when the suit was pending."); *see Turner v. Texas Dep't of Mental Health & Mental Retardation*, 920 S.W.2d 415, 418 (Tex. App.—Austin 1996, writ denied) (noting that statutory tolling does not apply if the causes of action in the suits are not the same or if first suit was not dismissed for want of jurisdiction). A "voluntary nonsuit places the parties in the position they occupied before

9

the court's jurisdiction was invoked, just as if the suit had never been brought." *Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial Dist.*, 362 S.W.2d 101, 104 (Tex. 1962); *Guaranty Cnty. Mut. Ins. Co. v. Reyna*, 700 S.W.2d 325, 327 (Tex. App.—San Antonio 1985), *writ ref'd n.r.e*, 709 S.W.2d 647 (Tex. 1986); *Dalo v. Laughlin*, 636 S.W.2d 585, 589-90 (Tex. App.—San Antonio 1982, no writ).

The tolling statute plainly does not apply if the original court had jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 16.064; *Malmgren v. Inverness Forest Residents Civic Club, Inc.*, 981 S.W.2d 875, 879 & n.3, 880 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding that statutory tolling did not apply because plaintiff voluntarily nonsuited first case and rejecting argument that nonsuit taken because justice court did not have power to grant relief plaintiff sought was equivalent of dismissal for lack of jurisdiction); *see also Hotvedt v. Schlumberger Ltd. (N.V.)*, 942 F.2d 294, 297 (5th Cir. 1991) (citing *Dalo*, 636 S.W.2d at 589-90 and concluding that section 16.064 did not apply to attorney's tactical decision to "prematurely and voluntarily" dismiss first suit after statute of limitations had run). Thus, if the Lewallens' suit against Cross had been dismissed for lack of jurisdiction, rather than voluntarily nonsuited, and if they had re-filed their suit in district court within sixty days of that dismissal, then their suit would have been tolled under section 16.064. But on this record, the Lewallens cannot avail themselves of the statutory tolling provisions in the Civil Practice and Remedies Code.

*Equitable estoppel*

Within their argument on equitable tolling, the Lewallens briefly contend that equitable estoppel may apply to this case. Equitable estoppel may bar a defense of limitations

10

when a party, his agent, or representative makes representations that induce a plaintiff to delay filing suit until the limitations period has run. *Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 264 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see Albertsons, Inc. v. JTM Materials, Inc.*, No. 03-00-00148-CV, 2001 Tex. App. LEXIS 380, at *2-3 (Tex. App.—Austin Jan. 19, 2001, no pet.) (not designated for publication). Equitable estoppel requires proof of: (1) a false representation or concealment of material fact; (2) made with actual or constructive knowledge of the facts; (3) to a party without knowledge or the means of knowledge of the real facts; (4) with the intention that it should be acted upon; and (5) the party to whom it was made must have relied or acted upon it to his prejudice. *Torres*, 874 S.W.2d at 264 (citing *Cook v. Smith*, 673 S.W.2d 232, 235 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)).

Here, the Lewallens did not show that defense counsel made a false representation to the Lewallens' attorney or concealed any material fact from him, about either the applicable statute of limitations or the court where suit was first filed, that the Lewallens' attorney had no means of knowing himself. *See id.* (no fact issue about whether one attorney possessed knowledge or means of knowledge of Family Code provision that another attorney did not). The Lewallens never plead themselves out of court by filing a petition seeking damages in excess of the county court's jurisdiction. Further, the Lewallens' attorney expressly denied that defense counsel tried to deceive him or had done anything improper or unethical. Thus, this record does not support essential elements of equitable estoppel.

After considering the appellate issues presented by the Lewallens, we conclude that they did not raise any issue of material fact as to whether the statute of limitations was tolled for the

11

suit arising from their accident on December 13, 2010, and that Cross negated the applicability of such tolling as a matter of law. *See Jennings*, 917 S.W.2d at 793. Because the two-year statute of limitations was not tolled, the Lewallens' district court suit filed on January 16, 2013 was time barred. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). As such, the court did not err in granting Cross's motion for summary judgment. The Lewallens' three appellate issues are overruled.

## CONCLUSION

We affirm the district court's judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 27, 2014