**Opinion issued May 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00636-CV

————————————

## JULIE DUPLECHAIN, Appellant

## V.

## TORRIS DEMORN FLEMING, Appellee

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1024636**

---

## MEMORANDUM OPINION

In this personal injury suit, Julie Duplechain appeals the trial court's summary judgment in favor of Torris Fleming on limitations grounds. Duplechain contends that she raised a fact issue on the question of diligence of service and on

the question of Fleming's attempts to evade service, and thus, the trial court should have denied summary judgment. Finding no error, we affirm.

**Background**

In December 2010, Duplechain and Fleming were involved in a car accident. In December 2012, shortly before the statute of limitations had passed, Duplechain sued Fleming for negligence. In September 2013, Duplechain moved for substituted service, and Fleming was served in November. Fleming answered and pled several affirmative defenses, including a limitations defense, alleging that Duplechain had not been diligent in serving him with process.

In March 2014, Fleming moved for partial summary judgment, requesting dismissal of Duplechain's case on limitations grounds. In support of his motion, Fleming adduced evidence of a seven-and-a-half-month gap between Duplechain's attempts to serve Fleming with the suit and a nine-month gap between the initial petition and Duplechain's request for substituted service. Duplechain responded to the motion with an affidavit from the process server and from her counsel. The affidavits detail the service history, and her counsel avers that Fleming was evading service when he "hung up the telephone on the process server." Duplechain's counsel also avers that when the process server attempted to serve

Fleming, his mother told the process server that "he [did] not live there anymore."[1]

But neither affidavit proffered an explanation for the gap between service attempts.

The trial court granted summary judgment. Duplechain moved for a new trial, which was denied by operation of law.

## Discussion

### *Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 233 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009)). In a traditional motion for summary judgment, like the one filed in this case, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). We indulge every reasonable inference in the nonmovant's favor. *Samuel*, 434 S.W.3d at 233 (citing *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661

---

[1] In his reply to the summary judgment response, Fleming objected to counsel's affidavit on hearsay grounds but did not obtain a ruling.

(Tex. 2005), *and Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003)).

## I.     Diligence in Effectuating Service of Process

*Applicable Law*

Personal injury claims are subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). If a plaintiff files her petition within the limitations period but obtains service outside of the limitations period, service on the defendant is valid only if the plaintiff exercised diligence in effectuating service. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). When a plaintiff exercises diligence in procuring service, the date of service relates back to the date of filing. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). If a defendant affirmatively pleads an affirmative defense of limitations and demonstrates that service has occurred after the limitations deadline, the burden shifts to the plaintiff to prove diligence. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. To prove diligence, the plaintiff must present evidence of her efforts to serve the defendant and "explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

Whether a plaintiff has exercised diligence is determined by asking "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was

4

served." *Ashley*, 293 S.W.3d at 179 (citing *Proulx*, 235 S.W.3d at 216). The plaintiff's diligence in obtaining service of process is generally a question of fact and is determined "by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. But if one or more lapses between the plaintiff's attempts to serve the defendant are "unexplained or patently unreasonable," then the record demonstrates lack of diligence as a matter of law. *Id.*

Estoppel may bar a limitations defense when the defendant makes representations that induce a plaintiff to delay filing suit within the limitations period. *Medina v. Tate*, 438 S.W.3d 583, 591 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (quoting *Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 264 (Tex. App.—Houston [1st Dist.] 1994, writ denied). In the limitations context, the essential elements of estoppel are "that the defendant, by his words or conduct, induced the plaintiff to delay filing his cause of action beyond the time permitted by the applicable statute of limitations, unmixed with any want of diligence on the plaintiff's part." *Id.* (citing *Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App.—Austin 1987, writ ref'd n.r.e.), *and Palais Royal, Inc. v. Gunnels*, 976 S.W.2d 837, 849 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd)).

*Analysis*

Duplechain contends that an issue of fact exists as to her exercise of diligence in attempting service. She observes that Fleming attempted to evade service because he knew about the existence of the lawsuit from other sources. Duplechain argues that Fleming's evasive practices estop him from complaining about the delay.

In *Ashley*, the Texas Supreme Court held that, as a matter of law, the plaintiff did not raise a fact issue as to her diligence when an eight-month lapse existed between service efforts. 293 S.W.3d at 180–81. In holding that the plaintiff's internet search efforts were insufficient to extend the limitations period, the court observed that a plaintiff has alternative service options available when a defendant evades personal service. *Id.* at 181. In contrast, in *Proulx*, the Texas Supreme Court held that a plaintiff's thirty-seven attempts at serving a defendant over a period of nine months demonstrated sufficient diligence to preclude summary judgment. 235 S.W.3d at 217.

The facts in this case are closer to those found in *Ashley*. Although Duplechain attempted to serve Fleming five times, she did not offer an explanation for the lengthy gap in time between her third and fourth attempts. The appellate record shows no service attempts from January 11, 2013 to August 31, 2013, a period of more than seven months. In her summary judgment responses,

Duplechain did not claim that she made any effort toward serving Fleming from January to August 2013, and she did not explain the delay in seeking substituted service once she suspected that Fleming was evading service.

Like the plaintiff in *Ashley*, Duplechain lapsed in her efforts to serve Fleming. Our court has upheld a lack of due diligence as a matter of law when examining shorter periods of unexplained inactivity. *See Taylor v. Thompson,* 4 S.W.3d 63, 65–66 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (four months of unexplained inactivity); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (five months of unexplained inactivity). Because she did not meet her burden to "explain every lapse in effort or period of delay" in serving Fleming, we hold that Duplechain did not raise a fact issue as to her diligence in attempting to serve Fleming. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. Accordingly, the trial court did not err in granting summary judgment. *See Ashley*, 293 S.W.3d at 179.

Duplechain argues that Fleming's attempts to evade service constitute estoppel, but does not point to any conduct other than evading service. *See Medina*, 438 S.W.3d at 591. Duplechain's counsel avers that, in December 2012, Fleming's mother told the process server that "[Fleming] does not live here anymore." But he does not connect that statement with a delay in filing suit or with the seven-month gap where no service was attempted. Without any evidence

of conduct that induced the delay in service, Duplechain fails to raise evidence of estoppel to counter Fleming's limitation defense. *See id*. A defendant's actions constituting estoppel must be "unmixed with any want of diligence on the plaintiff's part." *See id*.

## II. Public Policy

Lastly, Duplechain urges this court to reverse as a matter of equity, because it would be the fair and just result, and the trial court failed to consider the defendant's evasion of service when making its decision. It is well-settled, however, that a plaintiff bears the burden to prove diligence once a defendant demonstrates that service has occurred after the limitations deadline. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. To prove diligence, the plaintiff must present evidence of her efforts to serve the defendant and "explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216. Because Texas Supreme Court precedent settles the outcome of the case, Duplechain's policy arguments are unavailing. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216; *Ginsburg v. Chernoff/Silver & Assocs., Inc.*, 137 S.W.3d 231, 237 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (noting that intermediate appellate courts are bound by applicable holdings of higher courts "regardless of public policy concerns").

## Conclusion

We hold that the trial court properly ruled that the defendant demonstrated his limitations defense as a matter of law. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.